THE MISSOURI PACIFIC RAILWAY COMPANY v. M. J. CLICK *et al.*

No. 15,460.    (96 Pac. 796.)

SYLLABUS BY THE COURT.

MASTER AND SERVANT — *Injury to Employee — Assumption of Risk.* "A servant assumes the ordinary risks of his employment in cases where its dangers are open to common observation and are as fully known to him as to his employer, and where he is as capable of knowing and measuring the dangers of such employment and is not induced to continue in the work by any promise of betterment or indemnity from his employer. In such a case the servant can not recover from his employer damages for any injury that may come to him in the course of his employment." (*Walker v. Scott*, 67 Kan. 814 [syllabus], 64 Pac. 615.)

Error from Miami district court; WINFIELD H. SHELDON, judge. Opinion filed July 3, 1908. Reversed.

*B. P. Waggener, A. Lane,* and *W. P. Waggener,* for plaintiff in error.

*Frank M. Sheridan,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: This is an action by M. J. Click and R. C. Click, mother and father of Charles A. Click, deceased, to recover damages for his death by the alleged negligence of the railway company. The trial was to a jury and the verdict and judgment were for the plaintiffs. The railway company prosecutes error.

Charles A. Click, an unmarried son of the plaintiffs, came to his death by falling under, and being run over by, a railway-car in the yards of the Missouri Pacific Railway Company, at Osawatomie, October 4, 1904. He died intestate, and no administrator of his estate was appointed.

Three grounds of negligence are alleged in the petition, one of which was excluded from the consideration of the jury by an instruction that it was entirely unsupported by evidence. The remaining grounds were: (1) That the company failed in its duty to the deceased by employing an incompetent person as engineer, whose ignorance caused the accident in question; (2) that the company failed in its duty to the deceased by allowing various obstructions to accumulate and remain in its depot yards at Osawatomie, and by causing piles of cinders to be deposited and remain along its railway tracks therein.

The jury answered one of the special questions submitted to them as follows:

"Ques. If you find that deceased did not come to his death by being thrown from the coal-car, then state what did cause his death, and the particular act or acts of negligence on the part of the defendant company which brought it about. Ans. Pile of cinders between tracks three and four."

This answer renders it unnecessary for us to consider any claim of negligence except the last (numbered 2), and also relieves us from reviewing the questions relating to the introduction of evidence pertinent only to the other claims. In answer to this claim of the plaintiffs the defendant alleged that the deceased, Charles A. Click, had been employed as a field switchman in its yards at Osawatomie for a number of years prior to the date of the accident; that he was thoroughly familiar with the yards and his duties therein; that he was familiar with the condition of the yards and tracks at the time of his injuries; that his injuries

resulted from his failure to exercise ordinary care to avoid the dangers incident to his employment; and that at the time the deceased entered the employ of the company he had signed a written statement admitting that he had been fully advised as to the dangers incident to his employment and that he assumed the risks and hazards incident thereto. The reply was a general denial. There was evidence tending to support all the allegations of the defense.

In view of the facts proved by the defendant's witnesses relative to the long-continued employment of deceased in the yards, continuing up to the time of the accident, and his evident familiarity with everything in the yards, including the customary practice of the company of having cinders piled along the tracks for the purpose of repairing them, the following instructions given by the court seem to be erroneous:

"(20) If you find from the evidence that the deceased, Charles A. Click, was injured in the manner alleged in the plaintiffs' petition solely because of the condition of the yards and tracks, and that deceased had equal opportunity with defendant to know of such condition, and had knowledge thereof, and continued to work in said yards with knowledge on his part of the dangers incident thereto, he would then be held to have assumed the risk of all such dangers of which he had notice or knowledge.

"(21) If you find from the evidence that at the time of his death the said Charles A. Click was in the employ of the defendant railroad company as field switchman, and was at said time at his post of duty and exercising ordinary care, then in the absence of proof that he had knowledge of the defective and dangerous condition alleged to have existed in said yards and of the alleged unskilfulness of said engineer, he had a right to assume and presume that said yards were in a reasonably safe condition to work upon and that said engineer was a reasonably skilful engineer."

The criticism of instruction No. 20 is the implication therein that it was not sufficient that the defendant should prove the deceased had full and equal op-

portunity with the employer to know of the piling of cinders and leaving of other obstructions in the yard, but that it must prove that the deceased had actual knowledge of the pile of cinders which caused the accident. This imposes upon the defendant the almost impossible task of proving what a deceased person actually knew at the time of his decease. It is the ordinary rule that a person of full age and in possession of all his faculties, when brought in such relation to physical objects that he would naturally observe their presence, will be presumed to know and take cognizance thereof; in other words, it is too much to require proof, under such circumstances, that one actually did know such facts as a person ordinarily would know if placed in the same position.

Instruction No. 21 is even more objectionable. It assumes that there was an absence of proof that the deceased had knowledge of the defective and dangerous condition alleged to have existed in the yards, and instructed the jury that, in the absence of such proof, the deceased had a right to assume that the yards were in a reasonably safe condition, and this notwithstanding the evidence offered by the defendant showed that the deceased had full opportunity to know, and almost necessarily knew, the actual condition of the yards. The jury should have been instructed that in determining whether the deceased had knowledge of the cinders and obstructions they should take into consideration his opportunity of knowing thereof, as shown by the evidence, and that if the dangers therefrom were open to common observation and as fully known to him as to the railway company he should be held to have assumed the risk of his employment in the yards. The true rule is stated in *Walker v. Scott*, 67 Kan. 814, 64 Pac. 615:

"A servant assumes the ordinary risks of his employment in cases where its dangers are open to common observation and are as fully known to him as to

his employer, and where he is as capable of knowing and measuring the dangers of such employment and is not induced to continue in the work by any promise of betterment or indemnity from his employer. In such a case the servant can not recover from his employer damages for any injury that may come to him in the course of his employment." (Syllabus.)

(See, also, *Railway Co. v. Bancord,* 66 Kan. 81, 71 Pac. 253; *U. P. Rly. Co. v. Monden,* 50 Kan. 539, 31 Pac. 1002; *Railroad Co. v. Mealman, post.*

The evidence tended to show that cinders were only placed between tracks numbered 3 and 4, and the jury found that the cinders between those tracks caused the accident. It therefore appears that the refusal to give the following instruction, requested by the company, was erroneous and was material, especially as the evidence did not directly show that the deceased was between tracks numbered 3 and 4 at the time of the accident.

"The jury is instructed that it is alleged in said second amended petition that, by reason of cinders, clinkers, ballast, timbers, scraps of iron, and obstructions in and around said tracks, the said deceased, Charles A. Click, was caused thereby to fall, stumble, and be thrown over them. If you find from the evidence that there were cinders, clinkers, ballast, timbers, scraps of iron, and other obstructions between tracks numbered 3 and 4, and that said deceased was at no time between tracks numbered 3 and 4 prior to his injury, then you will disregard all evidence as to the condition of the ground between said tracks numbered 3 and 4."

We base this decision, however, on the assumption of the risk of dangers from the employment. The deceased must have known of the custom (which the evidence shows had long continued during his employment) of frequently piling cinders along the tracks to ballast or repair them. The findings of the jury show that the particular pile of cinders which caused the accident was of sufficient size and height to be an object of common observation. The nature of the employment

of the deceased, moreover, required of him constant familiarity with every part of the yards, and it was his duty to observe and guard against every apparent danger. Any danger reasonably to be apprehended from the pile of cinders which caused the accident was as apparent to him as it could be to any officer or other employee of the company, and therefore it should be held that he assumed the risk of his employment.

The judgment is reversed and the cause remanded for further proceedings.