Colwell v. Parker.

---

ALLY COLWELL, *Appellant*, v. C. W. PARKER, *Appellee*.

No. 16,153.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Proximate Cause—Special Findings and Verdict Inconsistent.* In an action for negligence, where the jury return a general verdict for the plaintiff and special findings, including a finding that the defendant was negligent and another finding that the direct cause of the plaintiff's injury was the negligence of another, from which it is apparent that the negligence of the defendant was wholly unrelated in its operation to the direct, proximate cause of the injury, the

defendant is entitled to a judgment on the findings notwithstanding the general verdict.

2. INSTRUCTIONS — *Law of the Case* — *Jury Bound to Follow.* Where special questions are submitted to the jury under instructions that if certain facts are found from the evidence the defendant can not be held liable, and the jury find those facts but render judgment against the defendant, and there is no complaint that the instructions are erroneous, they will be regarded as the law of the case, which the jury were bound to follow, and in such case it is the duty of the court to set aside the general verdict and render judgment for the defendant on the special findings.

Appeal from Dickinson district court; OSCAR L. MOORE, judge. Opinion filed December 11, 1909. Affirmed.

## STATEMENT.

C. W. PARKER is a manufacturer of tents, platforms, show fronts and other paraphernalia used in street fairs and carnivals. His place of business is at Abilene. He manufactured and leased to Raver & Darnaby a moving picture show for exhibition in a tent, entrance to which was by ascending steps to a platform, thence through a passage, and by descending steps about four feet to the ground inside the tent. Raver & Darnaby were holding a carnival at Oskaloosa, Iowa. The appellant entered the tent from the platform, and, in stepping to one side, fell to the ground and received injuries. To recover damages she brought this action against the lessees and the appellee, Parker. The petition alleged that at the time she entered the tent the exhibition was in progress; that the lights were turned off, and that by reason of the darkness she was unable to discover the steps and supposed the platform was on a level with the tent. The only negligence alleged against the appellee is that he failed to provide railings, or guards, at the sides of the platform or steps to prevent persons from stepping off.

The court instructed the jury that if the platform

and steps were constructed in a manner similar to, and with the same protection as, other platforms and steps used for the same purpose throughout the country, and if they found that such platform and steps had been used by a great number of people and no accident other than the one in controversy had occurred, they should take these matters into consideration in determining whether an ordinarily prudent manufacturer would have had any reason to anticipate the accident; and, if they believed that an ordinarily prudent person would have no reason to anticipate such an accident, that the appellee could not be held negligent under the facts. They were also instructed that if they found from the evidence that the platform and steps were constructed in the usual and ordinary manner, and in a way usually regarded by manufacturers of such platforms and steps as reasonably safe for the use of the public, such would be the exercise of ordinary care on the part of the appellee.

The jury returned a verdict in favor of the appellant, awarding her $1500 damages. They made certain special findings of fact, among which are the following:

"(1) Ques. Was the defendant, C. W. Parker, guilty of any act of negligence which caused the injury of which the plaintiff complains? Ans. Yes.

"(2) Q. If you answer the question 'Yes,' then state what act of negligence the defendant, C. W. Parker, was guilty of which resulted in the injury of which the plaintiff complains? A. By not taking reasonable precaution in furnishing a railing.

"(3) Q. Who had immediate charge of the electric theater at the time the plaintiff was injured? A. Mr. Randahl.

"(4) Q. Was such person employed or paid by the defendant, Parker, or in any manner under his control? A. No.

"(5) Q. Were the steps leading down from the wagon into the tent constructed in the usual manner for such carnival shows? A. Yes.

"(6) Q. Did the ticket taker belong with the car-

nival company, or did he represent the Oskaloosa baseball club? A. Represented the ball club.

"(7) Q. Was it his duty to prevent patrons of the show from entering while the lights in the tent were turned off? A. Yes.

"(9) Q. Was the injury to the plaintiff the direct result of the failure to enforce orders given by Raver & Darnaby to prevent patrons from entering the electric theater while the lights in the tent were turned off? A. Yes.

"(15) Q. How long had steps such as those from which the plaintiff fell been in general use? A. For several years.

"(16) Q. Is it not a fact that hundreds of thousands of people have passed down such steps without being injured? A. Yes.

"(18) Q. At the time the defendant manufactured the show entrance and steps from which the plaintiff fell did he know or had he heard of any injury resulting to any person from falling from steps similarly constructed and used? A. According to the evidence, no."

The court sustained the motion on the part of the appellee for judgment on the findings notwithstanding the general verdict, and of this ruling the appellant complains.

*C. C. Towner,* and *C. C. Orvis,* for the appellant.

*G. W. Hurd,* and *Arthur Hurd,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: On the findings there was nothing left for the court but to render judgment for the appellee. The situation presented was not, as the appellant contends, one where the special findings are merely susceptible of an interpretation which would overthrow the general verdict, but no other reasonable interpretation can be given to them. The finding that the appellant's injury was the direct result of the failure of Raver & Darnaby's employees to prevent her from entering the theater while the lights were turned off re-

quired judgment to be entered for the appellee. If it be conceded that he was negligent in the manner in which the platform and steps were constructed, his negligence was wholly unrelated in its operation to the direct, proximate cause of the injury, but was the prior and remote cause, and did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible. (*Cleghorn v. Thompson,* 62 Kan. 727; *Railway Co. v. Columbia,* 65 Kan. 390; *Rodgers v. Railway Co.,* 75 Kan. 222; *Gas Co. v. Dabney,* 79 Kan. 820.)

For another equally sufficient reason it was the duty of the court to render judgment in favor of the appellee, notwithstanding the general verdict. The fifteenth, sixteenth and eighteenth findings are to the effect that steps of this kind had been in general use for several years; that hundreds of thousands of people had used them without being injured; and that the appellee at the time he manufactured the steps in question had never heard of any injury resulting to a person by falling from steps similarly constructed and used. The instructions charged the jury that if these facts were found from the evidence the appellee was not liable. The appellant makes no complaint of the instructions, and filed no motion for a new trial, so that the instructions must be regarded as the law of the case. (*U. P. Rly. Co. v. Hutchinson,* 40 Kan. 51.) Whether the law as declared is correct or not, we need not inquire; it was the law which the jury were bound to follow.

The judgment is affirmed.