J. A. METZ, *Appellee,* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

No. 18,167.

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Special Findings—Assumption of Risk—Verdict Set Aside.* Where the special findings establish that plaintiff's injuries resulted from one of the ordinary risks which he had assumed when he entered into defendant's employ, it was the duty of the court to set aside the general verdict in his favor and render judgment for the defendant.

2. ———— *Same.* A section hand, while walking at the outside of the rails behind a push car, stumbled over the end of a tie and thereby received injuries. *Held,* that he can not recover from the railroad company on the ground of its negligence in allowing the track to be overgrown with weeds and the ties to project at irregular intervals, where the jury find that he was familiar with the condition of the ties and knew that the track was overgrown with weeds.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed October 11, 1913. Reversed.

*W. P. Waggener, James M. Challiss,* both of Atchison, and *R. W. Turner,* of Mankato, for the appellant.

*W. R. Mitchell,* of Mankato, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In this case the plaintiff sued to recover damages for personal injuries received while at work for the defendant as a section hand. The jury returned a general verdict in his favor and in answer to special questions found certain facts, which the defendant claims entitled it to judgment notwithstanding the verdict. The only question is whether the facts show that the injuries were the result of an accident the risk of which the plaintiff assumed when he entered into the employ of the defendant. The accident happened in this wise. Plaintiff with other section men was walking behind a push car which they were pushing along the track. The track was overgrown with weeds. On one side the ends of the ties were lined up, that is, were at an equal distance from the rail; at the other side, where plaintiff walked, the ends of the ties were not lined up, but were at irregular distances from the rail. As plaintiff walked along behind the car he stumbled and fell; his left hand was caught by one of the wheels and the little finger crushed so that it was necessary to have it amputated. The jury found that previous to the accident plaintiff had been at work on the section for two weeks; that he knew that weeds had been permitted to grow upon the track, and knew the condition of the ties, and that he was injured by stumbling on the end of a tie in the manner stated.

The court instructed the jury that the plaintiff in entering the employ of the defendant assumed not only the ordinary risks and perils incident to his employ-

ment, but all dangers which were obvious and apparent, and that if he voluntarily entered into or continued in the service, having knowledge or the means of knowing the dangers, and his injuries resulted from the ordinary risks and perils of his work, he could not recover. No complaint is made of the instructions and they constitute the law of the case.

"Where special questions are submitted to the jury under instructions that, if certain facts are found from the evidence the defendant can not be held liable, and the jury find those facts but render judgment against the defendant, and there is no complaint that the instructions are erroneous, they will be regarded as the law of the case, which the jury were bound to follow, and in such case it is the duty of the court to set aside the general verdict and render judgment for the defendant on the special findings." (*Colwell v. Parker,* 81 Kan. 295, syl. ¶ 2, 105 Pac. 524.)

The facts found by the jury are fully sustained by the evidence offered by the plaintiff, and clearly establish that the accident was the result of a danger which was as apparent to the plaintiff as it could be to the defendant or any of its officers or servants. It therefore became the duty of the court to render judgment for the defendant upon the special findings.

"Where the servant has equal knowledge with the master of the construction and condition of the road-bed of a railroad company, and knows all of the dangers and hazards incident to his work thereon, such servant assumes all the risks and hazards of his employment." (*Clark v. Mo. Pac. Rly. Co.,* 48 Kan. 654, syl. ¶ 1, 29 Pac. 1138; *Rush, Adm'x, v. Mo. Pac. Rly. Co.,* 36 Kan. 129, 12 Pac. 582; *Railway Co. v. Bancord,* 66 Kan. 81, 71 Pac. 253; *Walker v. Scott,* 67 Kan. 814, 64 Pac. 615; *Railroad Co. v. McMinn,* 72 Kan. 681, 84 Pac. 134; *Railway Co. v. Loosley,* 76 Kan. 103, 90 Pac. 990; *Railway Co. v. Click,* 78 Kan. 419, 96 Pac. 796.)

In the petition there is a suggestion that the defendant's surgeons or persons in charge of the hospitals of the company where he was taken for treatment were

negligent in not causing the immediate amputation of plaintiff's finger. We are unable to find any evidence in the record to support this claim, or upon which the verdict could be sustained.

Reversed and remanded with directions to enter judgment for the defendant.