No. 19,171.

DANIEL G. SAPPENFIELD, *Appellee*, v. THE NATIONAL ZINC COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Allegations of Negligence—Evidence of Concurring Conditions Not Error.* In a personal-injury action it is not error to allow the plaintiff to introduce evidence that he was injured by reason of the defendant's want of care, specifically set out in the petition, concurring with a condition not there referred to, where he does not rely on such condition as constituting negligence.

2. SAME—*Admission of Incompetent Evidence—Subsequently Cured.* Error in the admission of evidence in support of a particular allegation of negligence is ordinarily cured by the withdrawal of such allegation.

3. SAME—*Defective Furnace—Promise to Repair—Admissible Evidence.* Whether or not it would otherwise have been com-

Sappenfield v. Zinc Co.

petent to show that the safety device, the want of which was relied on as constituting negligence, was used in another part of the defendant's plant, evidence to that effect was rendered admissible by testimony that upon complaint having been made by the plaintiff a promise had been given to him that the same device in use elsewhere should be provided at the place where he was afterwards hurt.

4. SAME—*Complaint of "Defects"—Promise to Repair.* Where an employee complains of a condition affecting the safety of his place of work, and is promised a change in that regard, such complaint and promise have the same effect upon the employer's liability for a subsequent injury, whether the condition complained of resulted from an appliance being out of order, or from its original unfitness to meet the needs of the situation, the important consideration being whether the condition was such that its continuance was inconsistent with the exercise of ordinary care.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion filed January 9, 1915. Affirmed.

*Adrian F. Sherman, Thad. B. Landon,* and *W. V. Thompson,* all of Kansas City, Mo., for the appellant.

*L. F. Bird, H. G. Pope,* both of Kansas City, Mo., *C. Angevine, J. K. Cubbison,* and *William G. Holt,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: Daniel G. Sappenfield recovered a judgment against the National Zinc Company for injuries received while in its employ, and it appeals. It was a part of the plaintiff's duty to attend to a furnace twelve feet long, seven feet wide and twelve to fifteen feet high, in the top of which were several openings a foot and a half square, ordinarily closed with iron covers, but opened for the purpose of feeding coal and slack. As the coal burned a crust would form, and before fresh fuel was introduced it was necessary to break this up by prodding it with an iron bar ten or twelve feet long, introduced through one of the holes referred to. The

plaintiff was injured while poking the fire in this manner. He had just started to poke it when a flame burst out through the opening to the height of ten or fifteen feet, burning him severely. The conduct of the defendant which is relied upon as constituting negligence was the omission to provide small holes, little larger 'n diameter than the iron bar referred to, through which it might be inserted, thus preventing the escape of flames while the fire was being poked, a device employed upon another of the defendant's furnaces.

Witnesses for the plaintiff were permitted to testify that both furnaces were equipped with "safeties," that is, with valves at the bottom that were supposed to open as the coal fell, and so relieve the pressure; that at the time of the injury these valves on the furnace where the plaintiff was hurt were in poor condition and were not working; and that if they had been in proper condition the flame would have gone out at the bottom instead of at the top. The defendant complains of the admission of this evidence on the ground that it amounted to charging it with a form of negligence that was not alleged in the petition. We do not regard the complaint as well founded. It was competent for the plaintiff to try to show just how the injury was occasioned. It may have been due to the concurrence of two causes, only one of which was the result of the defendant's want of care, this being a sufficient basis for liability. (29 Cyc. 496.) If it was due to two concurring causes, the stopping of the valves and the want of small poke holes, no prejudice results to the defendant from the plaintiff electing to exculpate it from all blame for the former, and to rest his case upon the claim that the latter was culpable. Counsel for the plaintiff distinctly stated that the condition of the valves was not relied on as a ground of negligence. For the same reasons the trial court was justified in refusing an instruction that the jury should disregard all the evidence concerning the "safeties." If the re-

quest had been to instruct them that no recovery could be based on the condition of the valves as a ground of negligence it would doubtless have been given.

The petition as originally drawn alleged that the defendant was negligent in not providing a larger platform for the plaintiff to stand on while poking the fire. One of the plaintiff's witnesses was asked whether the platform was large enough to give a man room to get out of the way of the heat. The defendant objected to the question as calling for a conclusion. The objection was overruled and a negative answer was returned. This ruling is now complained of, on the ground that the width of the platform had nothing to do with the accident. At the conclusion of the evidence the allegations of negligence with respect to the size of the platform were stricken out on motion of the plaintiff. This was a withdrawal of the claim of negligence in that regard, and rendered the ruling nonprejudicial.

Objection is also made to the evidence that the other furnace referred to was equipped with small poke holes. It has been said that "evidence going to show that some other kind of instrumentality would have been safer and better than that which caused the injury should be excluded." (3 Labatt's Master & Servant, 2d ed., § 931, p. 2506.) But there seems to be a conflict of authority on this point. (8 Encycl. of Evidence, 938.) The fact that an appliance by which an employee is injured is not so safe as one used elsewhere does not constitute negligence, but it does not follow that it is not in some circumstances a fair matter to be taken into consideration in determining the existence of negligence. It does not establish and may not tend to establish any standard to which the employer is bound to conform, but it may sometimes throw light on the feasibility of providing a higher degree of protection. Here, however, the evidence was rendered competent upon another ground. Evidence

was introduced tending to show that the plaintiff had complained of the want of proper poke holes, and had been promised that they should be provided. The testimony of one witness is thus stated in the abstract:

"He heard Sappenfield make complaint to Moore [the foreman] about the same time that he made a complaint, which was four or five days before Sappenfield was burned. The remarks made to Mr. Moore were that he would like to have the poke holes in the top of No. 2 [the furnace where the injury occurred] like they were on No. 1 [the other furnace]; didn't see why they didn't have them that way, and heard Moore say he thought so himself, and would try and have them put there, and heard him say that to Sappenfield."

In view of this evidence, which had a manifest bearing on the question of assumption of risk, it was competent to show the character of the poke holes on the other furnace, in order that what had been said concerning them might be fully understood.

The defendant maintains that there was no evidence of negligence on its part. Whether ordinary care required small poke holes to be provided was a fair question for the jury. The defense of assumption of risk was relied on, but is met by the evidence of a complaint of the existing condition and a promise to remedy it. The defendant asserts that the complaint-and-promise principle applies only where an old appliance is out of repair and requires restoration, not where a new kind of appliance is demanded. Such is not the rule. It has been said that unless the condition complained of (whether due to an appliance being out of order, or to its not being adapted to meet the needs of the situation) is such as to sustain a charge of negligence, the failure of the employer to keep a promise to improve it will not render him liable for an injury which would have been prevented by such improvement; in other words, that the condition complained of, in order that the promise may affect the employer's liability, must

amount to a "defect," but that word in this connection applies to any condition which is inconsistent with the exercise of ordinary care.   The contention is also made that the conversation narrated by the plaintiff's witnesses did not show a promise to remedy the defect complained of.   Whether what was said was fairly to be interpreted as a promise made under such circumstances as to relieve the plaintiff from carrying his own risk was a question for the jury.   (*Anders v. Railway Co.*, 91 Kan. 378, 137 Pac. 966.)   The defense of contributory negligence is relied on, but this also presents an issue of fact, which is concluded by the verdict and judgment.

An instruction concerning contributory negligence, going somewhat into detail, was refused, but its substance was sufficiently covered in the general charge. The language of the instructions given on the subject is criticised, but we think when read as a whole they sufficiently advised the jury as to the law of the case.

Complaint is made that the amount of the verdict— $1500—is excessive.   There was evidence of pain and permanent injury, and we can not say that the verdict is without support.

The judgment is affirmed.