No. 19,695.

J. G. COLLINS, *Appellee,* v. THE UNION PACIFIC RAILROAD COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. SHIPPING CONTRACT—*Household Goods—Declared Values—Goods Damaged—Amount of Recovery.* The plaintiff shipped certain household goods, total weight 2200 pounds, from North Platte, Neb., to Kansas City, Kan., over defendant's railroad, signing a bill of lading which contained the provision "Owner's risk, value $10.00 a hundred-weight." A piano included in the shipment was damaged, and in the admission of evidence and in the instructions the theory of market instead of actual value was followed. Held, *error,* but as the competent evidence warranted the amount allowed by the jury the error is not such as to justify a reversal.

2. SAME. The shipment included a rug worth $21 but weighing less than 100 pounds. No separate release or contract of valuation aside from the bill of lading was signed by the shipper. Two rates were in force, the one charged on the basis of a valuation named in the bill of lading and a higher one in case the valuation was not limited. *Held,* that the plaintiff can recover only for the weight of the rug at $10 a hundred pounds, and that having signed the bill of lading containing the valuation he is presumed to have known the rates in force and is bound by the one named in the bill of lading.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed November 6, 1915. Modified.

*R. W. Blair, C. A. Magaw,* and *T. M. Lillard,* all of Topeka, for the appellant.

*W. H. McCamish,* and *George R. Allen,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover damages to certain property shipped by him from North Platte, Neb., to Kansas City, Kan., over the defendant's railroad. The shipment consisted of household goods weighing 2200 pounds, and the only articles involved in this appeal are a piano and an Axminster rug.

The plaintiff claimed and recovered $100 for injury to the piano, and the only question presented respecting this is one of the measure of damages. The court permitted evidence and gave instructions upon the theory that the plaintiff might recover the difference between the market value of the piano at the time and place of shipment and its market value after the injury. Complaint is made that the theory of actual damage was not followed. In view of the nature of the article, the piano being used in the household of the plaintiff, susceptible of repair and useful after such repair, it was error to permit the plaintiff to recover upon the market-value theory as it appeared that after the injury the instrument had practically no market value whatever. (*Hollinger v. Railway Co.*, 94 Kan. 316, 146 Pac. 1034.) The error, however, was immaterial and harmless for the reason that considering the cost of the instrument, the nature of the damage done to it, its weight and the agreed value in case of loss, the amount recovered was fairly sustained by the evidence, and under such circumstances a reversal would be idle.

The rug weighed in the neighborhood of seventy pounds and for it the jury allowed $21, the testimony showing its loss or conversion and that its value was the sum named.

When the shipment was made the bill of lading was signed by the plaintiff, and on the face thereof was written a legend by the agent of the defendant which means "Owner's risk, value $10.00 a hundred-weight." There was no separate contract of release or valuation signed or made. The plaintiff contends that up to $220, $10 a hundred for the entire shipment, he was entitled to recover whatever actual damage he suffered, the defendant insisting that for articles lost the recovery should only be at the rate of $10 a hundred pounds. Certain rules of the interstate commerce commission said to require a separate

Collins v. Railroad Co.

contract in order to restrict a shipper to the valuation named in the bill of lading, and order No. 787, are referred to by the plaintiff. (*Central of Georgia Ry. v. Broda,* [Ala. 1914] 67 South. 437.) These rules have not been furnished save by the citation of the decision in the Broda case, and it is not deemed necessary to determine their real source, character, application or potency, as the question before us is set at rest regardless of them. An examination of order No. 787 discloses that the interstate commerce commission approved a bill of lading containing this language, also contained in the bill of lading in question:·

"The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property (being the *bona fide* invoice price, if any, to the consignee, including the freight charges, if prepaid) at the place and time of shipment under this bill of lading, unless a lower value has been represented in writing by the shipper or has been agreed upon or is determined by the classification or tariffs upon which the rate is based, in any of which events such lower value shall be the maximum amount to govern such computation, whether or not such loss or damage occurs from negligence." (*Bills of Lading,* 14 I. C. C. Rep. 346, 353.)

It was testified on the trial that two rates were in force, the one paid by the plaintiff and a higher one, and that the rate applicable would come under the heading Western Classification No. 50. The trial court instructed that two rates were in effect, one for an unlimited value of property transported, and one for property transported under a bill of lading which showed its value, and that the plaintiff could not recover more than the fixed value of $10 a hundred. No fault is found with this part of the charge and it must be taken as the law of the case (*Metz v. Railway Co.;* 90 Kan. 463, 135 Pac. 578), and indeed is a correct declaration of the law applicable to the shipment in question.

It remains to consider whether or not the defendant is liable for the agreed or the actual value of the rug. There is plenty of room for argument and the state courts are in conflict, but we are bound by the federal supreme court's view of this federal question, expressed in *Kansas Southern Ry. Co. v. Carl,* 227 U. S. 639. In that case the shipment consisted of two boxes and a barrel containing household goods. The total weight was 400 pounds, and the shipment was valued at $5 a hundred. One

box weighing not over 200 pounds was not delivered, and in the state court the plaintiff recovered its value, $75. This judgment was reversed and it was held that the shipping contract fixed a conclusive valuation which constituted the sole basis of recovery. The principle of this decision was recognized in *Christl v. Railway Co.,* 92 Kan. 580, 141 Pac. 587, and it is the one that must control here. (See, also, *Mo., Kans. & Tex. Ry. v. Harriman,* 227 U. S. 657.) In *Chicago, R. I. & Pac. Ry. Co. v. Cramer,* 232 U. S. 490, it was held that the agreed value controlled, notwithstanding a statute of Iowa undertook to prohibit such a defense. In *Great Northern Ry. v. O'Conner,* 232 U. S. 508, 516, it was held that in case of two rates, the lower one based on an agreed valuation, the shipper may not defend on the ground that the latter is unreasonable, and can only recover such agreed value, such result not to be changed because of the use of printed forms, following *Hart v. Pennsylvania Railroad Co.,* 112 U. S. 331, where the shipper had simply signed a printed contract naming a value. The effect of the decision in *Boston & Maine Rd. v. Hooker,* 233 U. S. 97, 110, is an approval of the rule in *Adams Express Co. v. Croninger,* 226 U. S. 491, that the knowledge of the shipper that the rate was based upon the value is to be presumed from the terms of the bill of lading and of the published schedules filed with the commission. To the same effect is *Atchison &c. Ry. Co. v. Robinson,* 233 U. S. 173, 180.

The cause is remanded with directions to modify the judgment by substituting for the amount recovered for the lost rug the sum indicated by the bill of lading.