Starkweather v. Dunlap.

---

No. 21,650.

CHARLES STARKWEATHER, *Appellant*, v. G. A. DUNLAP and P. ASPLUND, Partners as THE INTER-MOUNTAIN BRIDGE AND CONSTRUCTION COMPANY, *Appellees*.

SYLLABUS BY THE COURT.

NEGLIGENCE—*Sewer Trench—Personal Injuries—Assumption of Risk—Contributory Negligence—Question of Fact.* The facts and the law concerning an employer's liability for injuries sustained by a workman who was working in a sewer trench, and who feared that a cave-in might occur, but remained and worked in the place of danger upon his employer's assurance that the place was safe, and upon his promise that braces to insure its safety would be forthcoming on the next day, considered, and *held*, that the case was one for a jury's consideration, and that an order directing a verdict was erroneous.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed July 6, 1918. Reversed.

*Fred S. Dunn,* and *H. O. Trinkle,* both of Garden City, for the appellant.

*William Easton Hutchison, C. E. Vance,* both of Garden City, and *S. P. Davidson,* of Tecumseh, Neb., for the appellees.

The opinion of the court was delivered by

DAWSON, J.:  The plaintiff sued the defendants, his employers, for damages suffered by him while working in a sewer trench which was being constructed by defendants in Garden City. His petition charged negligence in the failure of defendants to place braces in the trench to support its walls; and as a consequence a cave-in occurred which seriously crushed and injured him.

The defendants pleaded plaintiff's assumption of risk and contributory negligence.  The cause was tried before a jury, but when all the evidence for both plaintiff and defendants was submitted the trial court sustained a demurrer to plaintiff's evidence and directed the jury to return a verdict for defendants.

Was this error?  The evidence of plaintiff and his witnesses disclosed that on the day before the accident plaintiff spoke to the two foremen on the work, calling their attention to the dangerous condition of the trench.  The plaintiff said, "It looks like this hard dirt in here might fall in."  A foreman replied, "No, this hard dirt won't fall.  It is safe."  The plaintiff then inquired, "What have you got to keep this from caving in?" and the foreman answered, "We have got braces and as soon as we can get them up here and get the car unloaded we will put the braces in, but don't leave any dirt in there.  It is perfectly safe, and the hard dirt won't fall in."  Plaintiff's abstract continues:

"That the witness [plaintiff] again called his attention to the fact that 30 feet away from there, there had been a cave-in, but Hall said there was no danger, and that the hard dirt would not fall.  That he told Hall that he thought it was dangerous, and might fall in.  That Hall then told him that the braces were in the yards then, and that if he could get a dray team he would probably have them there by noon the next day. . . ."

The following questions were asked the plaintiff:

"Q. Now, why did you stay there, and continue to work, Mr. Starkweather, if you thought it was dangerous, and in danger of caving in?

"A. Just simply because Mr. Hall assured me that the hard dirt

would not fall, and that he would have the braces in probably by noon tomorrow, or just as soon as he could get them unloaded. He seemed to think it was perfectly safe, and he was used to such things, and he said it would not fall, and it was his assurance that I stayed in there."

In support of the judgment, it is contended that there was no evidence to show that the defendants' failure to brace the trench was negligence. But negligence might be deduced from the circumstances. In the first place, it was the defendants' duty to make the place reasonably safe for their employees to work in. (*Mining Co. v. Robinson*, 67 Kan. 510, 513, 514, 73 Pac. 102; *Griffin v. Brick Co.*, 84 Kan. 347, 114 Pac. 217.) The promise to provide braces was some evidence of their necessity to make the trench a safe place in which to work, and consequently that without such braces the trench was not a safe place for workmen; and the cave-in and the plaintiff's resultant injuries were potent evidential facts tending to show defendants' failure to make the place safe for work, in other words, to show defendants' negligence, sufficient to take the case to the jury.

It is the law that where a workman continues to work in a place of danger upon the master's promise to make it safe within a reasonable time, the workman does not ordinarily assume the risk during the interval until the repairs or safety devices are to be forthcoming. (*Lupher v. Railway Co.*, 86 Kan. 712, 122 Pac. 106; *Williamson v. Oil and Gas Co.*, 94 Kan. 238, 243, 244, 146 Pac. 316; *City of Owensboro v. Gabbert*, 135 Ky. 346. But there is a qualification upon that rule, which is that if the danger is so obvious that a reasonably prudent person would not continue to work in such dangerous place, then the workman who does continue to work there does assume the risk, notwithstanding the master's promise to make safe or repair the place of danger. (*Williamson v. Oil and Gas Co.*, supra; *Pulos v. Railroad*, 37 Utah, 238, 107 Pac. 241; 4 Thompson's Commentaries on the Law of Negligence, §§ 3912, 3913.)

Cases are cited on the point that where the workman knows or has as good opportunities for knowing the extent and imminence of the danger as his employer, such workman who remains in the place of danger assumes the risk (*Metz v. Railway Co.*, 90 Kan. 463, 465, 135 Pac. 667; *Barnes v. Akins*, 101 Kan. 359, 166 Pac. 474), even although the employer has as-

sured him that the place is not dangerous. (*Walker v. Scott,* 67 Kan. 814, 64 Pac. 615; 26 Cyc. 1213.) Defendants contend that such were the facts of this case. A jury might think so (*Sappenfield v. Zinc Co.,* 94 Kan. 22, 27, 145 Pac. 862; *Morgan v. Rainier Beach Lumber Co.,* 51 Wash. 355, 98 Pac. 1120; 22 L. R. A., n. s., 472, and note), but when a court is called on to rule on a demurrer to the evidence a most tolerant and generous view of the evidence must always be given. (*The State, ex rel., v. Gerhards,* 99 Kan. 462, 464, 162 Pac. 1149, and citations therein; *Russell v. Considine,* 101 Kan. 631, 634, 168 Pac. 1095; *Mentze v. Rice,* 102 Kan. 855, 856, 172 Pac. 516; *Bushey v. Coffman,* ante, p. 209, 173 Pac. 341.)

The record shows that the defendants, or their foremen, were capable and experienced men in trench work; and it shows that the plaintiff had only been employed for a few days, from the day after Thanksgiving until December 9. Perhaps that was the limit of his experience as a trench digger. He testified that he continued at work because of his confidence in his experienced foreman's opinion that the place was safe. Of course, if plaintiff was capable of appreciating the danger, he could not rely upon the assurances or opinions of the foreman (*Walker v. Scott,* supra), but this feature of the case, under proper instructions, was for the consideration of the jury. (*Griffin v. Brick Co.,* 84 Kan. 347, 350, 351, 114 Pac. 217; 26 Cyc. 1218, 1220.)

It seems clear that the demurrer to plaintiff's evidence should have been overruled, and that the cause should have been submitted to the jury.

Reversed.