No. 28,091.

W. M. Davis, *Appellant*, v. The City of El Dorado, *Appellee*.

(267 Pac. 7.)

Opinion filed May 5, 1928.

*R. T. McCluggage* and *Stanley Taylor*, both of El Dorado, for the appellant.
*F. J. Leasure*, of El Dorado, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The plaintiff, an employee of the defendant city, commenced this action to recover damages for personal injuries sustained by him while engaged in cutting branches off trees in a park owned by the city. Judgment was rendered in favor of the

defendant on its demurrer to the plaintiff's petition. The plaintiff appeals.

The petition, without its exhibits, is set out in eleven printed pages of the abstract. The defendant in its brief fairly sets out the facts alleged in the petition as follows:

"Plaintiff went to work for defendant on March 12, 1926, and was, at such time, ordered by defendant's foreman to cut dead limbs out of trees in defendant's public amusement park. Plaintiff was furnished with a saw and with a ladder which was not long enough to reach the limbs to be cut, but was not furnished with tree climbers, rope or safety belt. No rules or regulations were prescribed for the prosecution of the work and no system of warning was provided.

"Plaintiff worked at trimming trees with the tools provided and under conditions stated, without promise or inducement, until March 15, 1926, when plaintiff climbed a tree part way by use of a ladder, and part way without a ladder, and took a sitting position in the fork formed by the trunk of the tree and the limb to be sawed off. Plaintiff sawed off the limb, and in falling the ends of the limb hit the roof of a pump house which stood fifteen feet above the surface of the ground and at a distance of about twenty feet from the tree, and when the ends of the limb so struck said pump house it caused the limb to instantly rebound. The recoil of the limb caused by striking the pump house crushed plaintiff's leg between the sawed butt of the limb and the trunk of the tree, and the leg had to be amputated.

"Defendant's foreman was informed of the details and circumstances of the accident thirty minutes after it occurred, and within ninety days from the time of the accident the city manager and officers of the city were informed of the details and circumstances of the accident. The defendant paid certain expenses incurred by plaintiff by reason of the accident from the time of the accident to August 1, 1926.

"On October 5, 1926, plaintiff filed with the city clerk a written notice of the injury and claim for damages. The plaintiff's claim for damages was rejected.

"That defendant was negligent in that it did not furnish plaintiff with a safe place to work or with proper tools, and did not provide proper rules and regulations for the conduct of the work, and that such negligence was the proximate cause of plaintiff's injury."

The defendant urges that the petition failed to state a cause of action because the plaintiff assumed the risk of injury by the accident in which he was hurt, and because notice of the accident and injury was not given to the defendant by the plaintiff within three months as required by section 12-105 of the Revised Statutes.

■ Did the plaintiff assume the risk of being injured by the falling branch which he had cut from the tree? The petition alleged

that prior to injury the plaintiff was an able-bodied man, in good health, and was thirty-seven years old. The work in which he was engaged was dangerous. He knew that as well as any other person. He was furnished with simple tools with which to do that work, a ladder to assist him in climbing the trees, and a saw with which to cut off branches of the trees. He knew that if he fell he was liable to be seriously injured. He knew that if a large falling branch of a tree struck him, serious injury might result. There was nothing in the petition to indicate that he in any way objected to or protested against doing the work with the tools furnished him. There was no promise to furnish other or different tools. Neither the saw nor the ladder was defective. Neither of those tools contributed to his injury. Defective tools did not cause his injury nor contribute to it. He was injured by an accident caused by a danger incident to the work in which he was engaged.

In *Spear v. City of Wichita*, 113 Kan. 686, 216 Pac. 305, the city was held liable under conditions somewhat similar to those existing in this case, but that case can be distinguished from the present one in the following particular: There the branch of the tree to be taken off had been partly sawed off on the under side, but the workman who was injured did not see or know that the branch had been partly cut off before he commenced working on it. That contributed to the accident which injured him. Here the plaintiff knew all about the conditions surrounding his work because they were open to his inspection and visible to anyone who looked. In the Wichita case the workman was urged to hurry with his work. That prevented his making any inspection of conditions. In the present action the petition alleged nothing to show that the plaintiff was prevented from making an inspection of conditions surrounding his work.

In *Walker v. Scott*, 67 Kan. 814, 64 Pac. 615, it was declared that—

"A servant assumes the ordinary risks of his employment in cases where its dangers are open to common observation and are as fully known to him as to his employer, and where he is as capable of knowing and measuring the dangers of such employment and is not induced to continue in the work by any promise of betterment or indemnity from his employer. In such a case the servant cannot recover from his employer damages for any injury that may come to him in the course of his employment."

See, also, *Gillaspie v. Iron-works Co.*, 76 Kan. 70, 73, 90 Pac. 760; *Railway Co. v. Loosley*, 76 Kan. 103, 112, 113, 90 Pac. 990; *Railway*

*Co. v. Stone,* 77 Kan. 642, 647, 95 Pac. 1049; *Railway Co. v. Click,* 78 Kan. 419, 96 Pac. 796; *Metz v. Railway Co.,* 90 Kan. 463, 465, 135 Pac. 578; *Lively v. Railway Co.,* 115 Kan. 784, 791, 225 Pac. 103. Numerous other cases are referred to in the cases cited above.

The petition disclosed that the plaintiff assumed the risk of being injured by the falling of the branch which he had cut from the tree.

■ Was it necessary for the plaintiff to give to the defendant notice of the accident and injury? The pertinent statute, section 12-105 of the Revised Statutes, in part, reads:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto."

The plaintiff sought to avoid the consequences which followed his failure to give notice by alleging two facts: First, that the injury so incapacitated him that he was unable to give notice sooner than he did; and second, that the defendant soon after the accident learned of it, acted on the information received, paid for medical attention and hospital services for the plaintiff, and paid for the care and maintenance of the minor children of the plaintiff.

The statute is positive in its command. It does not recognize excuses. In *Dechant v. City of Hays,* 112 Kan. 729, 212 Pac. 682, this statute was under consideration. There this court said:

"Chapter 143, Laws 1919, provides: 'That no action shall be maintained against any city of the second class, by any person or corporation in any court for damages on account of injury to person or property unless the person or corporation injured or damaged shall, within four months thereafter, and prior to the bringing of the suit, file with the city clerk a written statement giving the time and place of the happening of the accident or injury received and the circumstances relating thereto.' *Held:*

"1st. To create a condition precedent to the maintenance of such an action;

"2d. To apply to minors as well as to adults;

"3d. The requirements of the statute cannot be waived by the mayor or any other city official; and

"4th. The legislature has power to enact a statute making such a condition precedent."

■ The plaintiff argues that "the statute requiring the giving of such notice was never intended to, and does not apply, where the person injured is an employee of the municipality." The plaintiff

cites cases from Washington and Minnesota to support his argument. The defendant contends that those decisions do not apply to the present situation because of the peculiar wording of the statutes or charters under which they were made. An examination of those decisions reveals that the statutory or charter provisions requiring notice to the city of accident and injury applied only to accidents and injuries in streets caused by defects therein. The cases cited by the plaintiff hold that notice to the city was not required to be given by an employee injured in the street where the injury was caused otherwise than by a defect in the street. Our statute is not so limited. For that reason, the cases cited by the plaintiff have no persuasive force in the present situation.

■ The plaintiff argues "that to give the statute the interpretation which appellee asks would be to deprive this appellant of his rights without the due process of law guaranteed by the constitution." The statute was in effect when he entered the employ of the city. His employment was subject to the provisions of that statute. He had no right of action against the city for his injury until the accident occurred. When it did occur, he had a right of action against the city if it was liable, but that right of action was contingent on his complying with the statute. The statute did not take anything from him; it did not deprive him of any property or of any right of action. It did require him to give notice before he could successfully prosecute an action to recover for his injury. The statute is a valid one.

The judgment is affirmed.