JOHN CONDON, Plaintiff in Error, *vs.* THE CITY OF CHICAGO, Defendant in Error.

*Opinion filed April 19, 1911.*

1. STATUTES—*rule in interpretation of statutes.* Statutes are to be interpreted according to the intent and meaning and not always according to the letter, and a thing within the letter is not within the statute unless within the intention.

2. SAME—*construction is preferred which will sustain constitutionality of the act.* A construction which leads to an absurd consequence should be avoided, and such a construction should be adopted, if possible, as will not render the act unconstitutional.

3. MUNICIPAL CORPORATIONS—*statute requiring notice to city of personal injury applies to injury of servant.* The statute requiring any person about to bring a suit against a city for damages for personal injury to file a statement, in writing, in the office of the city attorney giving certain particulars, applies to suits for personal injury to a person in the city's employ.

4. CONSTITUTIONAL LAW—*legislature may prescribe rules for governing transactions of municipal corporations.* The difference

between municipal corporations and private corporations or individuals constitutes a reasonable basis for legislation prescribing rules for the governing of the affairs and transactions of such corporations different from the rules governing the affairs and transactions of private corporations or individuals, even though their duties and liabilities in such transactions may be the same.

5. SAME—*act requiring notice to city of personal injury is not invalid.* The act requiring a person intending to sue a city for damages for personal injury to file a statement of the injury is not, even though it applies to injuries to employees of such city, invalid for imposing upon the plaintiffs in such actions a burden not imposed upon the plaintiffs in similar actions against private corporations or individuals, as such discrimination is based upon a reasonable classification.

6. SAME—*section 2 of act requiring notice to city of personal injury is within the title.* The requirement that a person about to bring an action against an incorporated city, village or town for damages on account of any personal injury shall file a certain statement of the accident in the office of the city attorney is germane to the object and within the title of the act "concerning suits at law for personal injuries and against cities, villages and towns."

7. EVIDENCE—*whether office of city attorney is created by ordinance is a matter of proof.* Whether there is or is not an office of city attorney created by ordinance for a certain city is a matter of fact to be proved, as courts do not take judicial notice of what offices have been established by the ordinances of a city.

8. PRACTICE—*issues in action for tort must be tried by a jury unless jury is waived.* The issues in an action on the case must be tried by a jury unless the parties waive their right to jury trial.

9. SAME—*it is error to dismiss suit, on the defendant's motion, after it is at issue.* Where the declaration in a personal injury suit against a city alleges the giving of the notice as required by the statute and the general issue is pleaded, it is error to dismiss the suit, on motion of the defendant, upon the ground that such notice is defective in not stating the hour the accident occurred.

FARMER, J., dissenting.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

JOHN C. KING, and JAMES D. POWER, for plaintiff in error.

EDWARD J. BRUNDAGE, Corporation Counsel, and CLYDE L. DAY, City Attorney, (EDWARD C. FITCH, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error sued the city of Chicago, the defendant in error, for personal injuries alleged to have been sustained, while in the city's employ, by its negligence in failing to provide against the falling upon him of the bank of a ditch in which he was working. Each count of the declaration alleged the giving of a notice, as required by section 2 of "An act concerning suits at law for personal injuries and against cities, villages and towns." (Hurd's Stat. 1909, p. 1248.) The city pleaded the general issue, and afterward entered a motion to dismiss the suit for the "want of a sufficient statutory notice." In support of the motion affidavits were presented showing that the notices filed with the city attorney and city clerk did not give the hour of the accident. The court sustained the motion, dismissed the suit and rendered judgment in bar of the action.

The plaintiff in error insists that the application of the statute to a case of this character violates the constitution, and that dismissing his case on motion deprived him of his constitutional right to a trial by jury. The section in question requires "any person who is about to bring any action or suit at law in any court against any incorporated city, village or town, for damages on account of any personal injury," to file in the offices of the city attorney and city clerk a statement in writing of certain particulars in connection with his cause of action. It is manifest that this case is within the letter of the statute, for the language is clear and applies to any action for any personal injury. It is, however, a rule in the interpretation of statutes that they are to be interpreted according to the intent and meaning and not always according to the letter; that a thing within the letter is not within the statute unless within the

intention, and that a construction which leads to an absurd consequence is to be avoided. (*Perry County* v. *Jefferson County*, 94 Ill. 214; *Canal Comrs.* v. *Sanitary District*, 184 id. 597.) Such a construction will be followed, if possible, as will not render the enactment unconstitutional.

This section has been before us in three cases and we have held it to be a valid enactment. (*Erford* v. *City of Peoria*, 229 Ill. 546; *Walters* v. *City of Ottawa*, 240 id. 259; *Ouimette* v. *City of Chicago*, 242 id. 501.) Those were all cases of injuries received by persons using the streets or sidewalks of the city, and were founded upon the duty of the city, in its capacity of a municipal corporation, to exercise ordinary care to maintain its streets and sidewalks in a reasonably safe condition for use by persons passing over them. It is insisted that to extend the application of the statute to actions brought by a servant for injuries received in the employment of a master would render the section unconstitutional, as being class legislation. It is said that a municipal corporation and its employees, in respect to the relation of master and servant, stand upon the same footing as a private corporation or an individual and its or his employees, and that a statute which discriminates between the servant of a municipal corporation and the servant of a private corporation or an individual suing their respective employers for a similar injury, would deprive the plaintiff upon whom the additional burden is imposed, of the equal protection of the law.

The obligation of a municipal corporation to use care to furnish its servants a safe place in which and safe tools and appliances with which to work is not different from that of the private employer. The liability of such corporations upon their contracts and for their torts is the same as that of private corporations or individuals, and notice is no more necessary as a condition precedent to an action against a municipality than against an individual, unless required by a statute. The power of the legislature, how-

ever, to require notice has been generally recognized, and in many of the States a previous notice or presentation of the claim is essential to the maintenance of an action against a municipal corporation, either in all cases or in certain kinds of cases. In some jurisdictions the statute requires notice in actions *ex contractu* only; in some it applies to all claims, whether in tort or contract; in others it is limited to injuries arising from defective streets; in others it includes personal injuries of all kinds, and in still others all actions of tort. (*Barrett* v. *Mobile,* 129 Ala. 179; *Kenyon* v. *Cedar Rapids,* 124 Iowa, 195; *Bancroft* v. *San Diego,* 120 Cal. 432; *Springer* v. *Detroit,* 102 Mich. 300; *Davidson* v. *Muskegon,* 111 id. 454; *Kelly* v. *Faribault,* 95 Minn. 293; *Nance* v. *Falls City,* 16 Neb. 85; *Lincoln* v. *Grant,* 38 id. 369; *Jones* v. *Albany,* 151 N. Y. 223; *Winter* v. *Niagara Falls,* 190 id. 198; *Shields* v. *Durham,* 118 N. C. 450; *Youngsville* v. *Siggins,* 110 Pa. 291; *Giuricevic* v. *Tacoma,* 57 Wash. 329; *Steltz* v. *Wausau,* 88 Wis. 618; *VanFrachen* v. *Howard,* id. 570; *Hays* v. *Baraboo,* 127 id. 1.) In the cases cited, statutes requiring such notices have been construed and applied. In none of them was the question of the constitutionality of the statute in the respect now suggested considered or raised. Though such statutes have long been in force in many States, no case has come to our knowledge where the requirement of such notice has been held unconstitutional for the reason advanced here or has been questioned upon that ground. Municipal corporations are bodies politic created for the purpose of administering the affairs of the incorporated territory. They exercise the powers of local government delegated to them by the legislature and are instruments of the State for that purpose. Their funds are derived from taxation and their affairs are administered by officers elected for comparatively short terms and by the appointees of such officers. Their affairs cannot be conducted by the same rules which govern the business of a private corpora-

tion managed and conducted by its owners, with its own funds, under a continuous management. It is essential to the public interests, to economy and the protection of public funds, that rules should be established governing the transactions of such bodies different from those which apply to the affairs of individuals and corporations, and these different conditions form a sufficient basis for the legislation here brought in question.

Our attention has been called to the cases of *Kelly* v. *Faribault, supra,* and *Giuricevic* v. *Tacoma, supra,* as sustaining the contention of the plaintiff in error that the act has no application to a suit by a servant against the master for injuries received through the master's negligence. The statutes of Minnesota and Washington, which were the subject of consideration in those cases, referred directly to injuries occasioned by any defect in the streets, and the general words which followed were held to be limited to the subject matter of such injuries. We can find no such limitation in our statute, which extends to any action for damages on account of any personal injury.

It is insisted that section 2 is beyond the scope of the title of the act, which is, "An act concerning suits at law for personal injuries and against cities, villages and towns," because, it is said, the title refers only to the procedure for enforcing an existing right, and cannot, therefore, embrace any substantial change in the law relating to the right itself. The state of facts which will enable one to maintain a suit at law against a city for personal injuries is germane to an act concerning such suits. The title is not limited to the practice or procedure in such cases, and section 2 comes within its meaning.

It is said that there is no such office in Chicago as city attorney, and that therefore the section does not apply to Chicago. If it be conceded that the section does not apply to a city where there is no city attorney, the position of the plaintiff in error is somewhat inconsistent with the al-

legation in his declaration that within six months from the date of his injury he filed in the office of the city attorney a statement in writing concerning the accident. No evidence was introduced on the question, and we cannot take judicial notice of what offices have been established by the ordinances of a city.

The notice attached to the affidavits was defective because it did not state about the hour of the accident. It was error, however, to dismiss the cause on motion. It was held in *Walters* v. *City of Ottawa, supra,* that the giving of the notice was an essential part of the plaintiff's cause of action, which must be alleged in the declaration. The general issue required proof of it. The issues in an action on the case must be tried by a jury unless the parties waive their right to a jury trial. There was no waiver by the plaintiff in error. The record shows that the defendant made a motion, the court sustained it and the plaintiff excepted. It is said that the record nowhere shows that the plaintiff disputed that the notice exhibited was the only notice filed; that if he contended that the notice exhibited was not the one served he should have raised the question and apprised the court that there was an issue of fact to be determined. That is not the method of raising issues of fact in the circuit court. The pleadings determine the issue. The plaintiff was not called on to do anything. An issue was made up, and there was no authority for dismissing his case without a trial of that issue. He excepted to the order.

For the error in sustaining the motion to dismiss, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting.