Mario Pittoni, J.
Defendant trustees Glogower, Margouleff, Kagan, Barkin and Seeman, defendant Village Attorney Bentley, and defendant village move to dismiss the second cause of action pursuant to CPLR 3211 (subd. [a], par. 7) on the ground that its allegations are insufficient in law.
Even though the caption says that these defendants are being sued “ individually and as trustees,” the complaint merely refers to them and their activities as trustees.
The claim against these defendants is that they conspired among themselves and with other defendants to deprive plaintiff of certain right, title and interest in a certain agreement of sale of real property, to prevent him from acquiring title thereto and to have the property sold to defendant village. It states nothing more as to the activities, intent, or motivation of these .defendants.
The complaint fails to state a cause of action against these defendants; it fails to state compliance with sections 341 and 341-b of the Village Law and section 50-e of the General Municipal Law which require a written proof of claim to be filed within 90 days after the claimed cause of action arose. Section 341-b is particularly pertinent. It states in part: “ Except * * * no action shall be maintained against the village upon or arising out of a contract of the village * * # unless a written verified claim shall have been filed with the village clerk within one year after the cause of action shall have accrued, and no other action shall be maintained against the village * ■* * unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law. The omission to present a claim * * * thereon within the respective periods of time above stated applicable to such claim, shall be a bar to any claim or action therefor against said village ”.
Section 50-e of the General Municipal Law requires that the notice “ shall be in writing, sworn to by or on behalf of the *951 claimant ” (subd. 2) and that “ it shall be given within ninety days after the claim arises ” (subd. 1).
Plaintiff cites Arnold v. Village of North Tarrytown (137 App. Div. 68, affd. 203 N. Y. 536) as authority that these are Statutes of Limitations, that they are to be pleaded as affirmative defenses and that the failure to plead them constitutes waiver. However, the Arnold case made no such statement or holding. It dealt merely with a claimant’s failure to sue within the specified time. The case did not deal with the failure to file a claim as required under the statutes mentioned above and failed to mention any notice of claim or requirement for such notice. Clearly, therefore, compliance with the statutes mentioned above is a necessary allegation of the complaint. Compliance must be affirmatively alleged and proved as a condition precedent (Alexander v. Village of Tupper Lake, 19 A D 2d 939; Derlicka v. Leo, 281 N. Y. 266; Winter v. City of Niagara Falls, 190 N. Y. 198).
In the Alexander case (supra), the court said: “The complaint is deficient in failing to allege compliance with section 341-b of the Village Law ”.
Furthermore, the requirement of proper notice under section 50-e of the General Municipal Law applies to officers, appointees and employees of municipalities as well as to the municipality itself. Then, too, the village trustees are public officers (Public Officers Law, § 2) and the Village Attorney is at the very least a village employee (Village Law, § 89, subd. 11).
The attempt to take the individual trustees and the Village Attorney out of the protection of sections 341 and 341-b of the Village Law, and section 50-e of the General Municipal Law, also fails. There is no allegation that they acted for themselves as individuals and the complaint merely speaks of them as acting on behalf of the village. ‘ ‘ Presumably the board of trustee's acted regularly ” (Matter of Hicks Development Corp. v. Incorporated Vil. of Lawrence, 282 App. Div. 1048, 1049, affd. 306 N. Y. 922). Therefore, plaintiff cannot sue defendant trustees and defendant Village Attorney for damages as individuals (Rottkamp v. Young, 21 A D 2d 373, 376, affd. 15 N Y 2d 831; Great Neck Assoc. v. Incorporated Vil. of Great Neck Estates, 26 A D 2d 546).
In the Rottkamp case, Mr. Justice Hopkins said in part (p. 376): “ In weighing the balance between the effects of oppressive official action and vindictive or retaliatory damage suits against the officer, we think that the public interest in prompt and fearless determinations by the officer, based on his interpre *952 tation of the law and the facts before him, must take precedence. A public officer, haunted by the specter of a lawsuit, may well be subject to the twin tendencies of procrastination and compromise to the detriment of the proper performance of his duties ”.
The same rule applies to protect the village (Rottkamp v. Young, supra). Here Mr. Justice Hopkins said (p. 377): “ We think that the policy considerations which dictate the protection of the public officer from reprisal for a decision unfavorable to an applicant, also dictate the same protection for the municipality whose interests are served by the acts of the officer.”
Defendants’ final argument is that the complaint is deficient because it fails to allege facts showing defendants’ (1) unlawful purpose, or (2) unlawful means in carrying out a lawful purpose, or (3) that their sole motivation was a malicious intent to injure plaintiff, or (4) that plaintiff was damaged because of defendants’ acts.
The allegation of a conspiracy alone means nothing; the complaint must show more. It must show a conspiracy for an unlawful purpose or that a lawful purpose is to be carried out by unlawful means (Bereswill v. Yablon, 6 N Y 2d 301; Albermarle Theatre v. Bayberry Realty Corp., 27 A D 2d 172, 174). No such unlawful purpose, or objective, or unlawful means is alleged.
Furthermore, there is no allegation that defendants’ sole intent or motivation was to maliciously injure plaintiff. If there is any other motivation or intent, there is no cause of action (Benton v. Kennedy-Van Saun Mfg. Corp., 2 A D 2d 27, 29; Terry v. Dairymen’s League Co-op. Assn., 2 A D 2d 494, 498; see, also, Squire Records v. Vanguard Recording Soc., 25 A D 2d 190).
In fact, plaintiff’s brief (pp. 18, 19), going outside of and in addition to the allegations of the complaint, says: ‘ ‘ The defendant village and its officials, knowing it, intentionally * * * conspired with defendant partnership to secure the property for defendant village ”. This statement shows that plaintiff recognizes defendants ’ motivation 1 ‘ to secure the property for defendant village” which is itself legitimate and is another motive beside any possible motive to injure plaintiff.
Motion by defendant village, defendant trustees, individually and as trustees, and defendant Bentley to dismiss the complaint against them is granted.