Donald S. **LATTIMER** and Lillian E. Lattimer, Appellants,

v.

Bill V. **FRESE** et al., Appellees.

No. 2–57088.

Supreme Court of Iowa.

Oct. 20, 1976.

Martin, Blackstock & Affeldt, Cedar Rapids, for appellants.

Shuttleworth & Ingersoll by Ralph W. Gearhart, Cedar Rapids, for appellees Frese.

David F. McGuire, Cedar Rapids City Atty., for appellee City.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

UHLENHOPP, Justice.

This appeal involves the propriety of an order sustaining a motion for a directed verdict in a damage action for personal injuries from a fall on a sidewalk.

We will refer to Bill V. Frese and Frese Investment, Inc. as Frese. Frese Investment, Inc. owned a residential property at 1621 I Avenue, N. E., in Cedar Rapids, Iowa.

The City of Cedar Rapids constructed and maintained a public sidewalk adjoining the north side of the Frese property. The sidewalk sloped downhill to the east. The Frese lot and neighboring lots were higher than the sidewalk, and when snow melted on the lots the water ran onto the sidewalk and thence down the sidewalk in an easterly direction.

A section of the sidewalk had sunk somewhat at one point in front of the Frese property. To eliminate a ridge between the east edge of the sunken section and west edge of the next section, the City placed asphalt on the east approximate one-fourth of the sunken section. This eliminated the ridge but caused a dish shape in the area of the asphalt, where water would collect in time of rain or runoff from melting snow. In cold weather the collected water would freeze. This condition has existed for several years.

In the days preceding January 12, 1972, snow fell. A January thaw then occurred, melting some of the snow. The water from the melting snow ran down from the lots

onto the sidewalk and some of it eventually ran into the dish shape in the sidewalk from the higher terrain to the south and west. During the night of January 11 this water froze, and a skiff of snow fell over it.

Plaintiff Donald S. Lattimer worked at a plant just east of the sidewalk in question. For a number of years he had walked over the sidewalk to and from work.

About 6:25 a. m. on the morning of January 12, 1972, in the dark, Lattimer walked easterly down the sidewalk toward the plant. When he came to the snow-covered ice in the dish-shaped area, his feet suddenly went out from under him and he fell to the sidewalk and sustained injuries.

On December 8, 1972, Lattimer and his wife sued Frese and the City for damages on account of the injuries, alleging negligence. In paragraph 5 of the division of the petition against the City, Lattimers alleged:

5. That on the 4th day of March, 1972, the Plaintiff duly served upon the Defendant, City of Cedar Rapids, Iowa, a written notice specifying the time, place and circumstances of the injuries as provided by law, said notice in compliance with the provisions of I.C.A. Section 613A.5 of the Code of Iowa; a copy of said notice is hereto attached marked Exhibit "A" and by this reference made a part hereof.

Attached to the petition was a copy of a letter about the occurrence, dated March 4, 1972, with the salutation "Dear Sir" and the signature "Don Lattimer."

In its answer to this division of the petition, the City stated in part:

5. Paragraph 5 is denied.

At trial, Lattimers introduced evidence of the facts we have related, but offered no proof regarding the alleged notice to the City.

At the conclusion of Lattimers' evidence, Frese and the City moved for directed verdicts. Among the grounds of the motion was one that Lattimers had not shown negligence and another, by the City, that Lattimers had not shown service of a notice on the City.

The trial court sustained the motion, basically because Lattimers did not show negligence. After overruling Lattimers' motion for new trial, the court entered judgment for Frese and the City. Lattimers appealed.

I. We first consider Lattimers' case against the City. This claim involves inter alia § 613A.5, Code 1971. The City urges here as it did in the trial court that Lattimers' case against the City is foreclosed by that section.

As it read at the time of these events, that section required a person to commence his tort claim against a city for wrongful death, loss, or injury within six months "unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded." The section continued, "Failure to state the amount of compensation or other relief demanded shall not invalidate the notice; providing, the claimant shall furnish full information regarding the nature and extent of the injuries and damages within fifteen days after demand· by the municipality. . . . ."

▮ Lattimers did not sue until more than 300 days after the injury. Under such circumstances, and when the giving of the notice within 60 days is in issue as it is here, Lattimers had to introduce substantial evidence that they gave the notice. The statute mandates the notice and the clear tenor of our decisions is that proof of timely giving of the notice is part of a claimant's case. *Sprung v. Rasmussen,* 180 N.W.2d 430 (Iowa); *American States Ins. Co. v. City of Dubuque,* 186 N.W.2d 601, 604 (Iowa) (motion to dismiss—"The notice required by 613A.5 is essential to the maintenance of suit"); *Bennett v. Ida County,* 203 N.W.2d 228, 236 (Iowa) ("a plaintiff seeking to recover against a governmental subdivision under chapter 613A must allege, in

order to state a claim on which relief can be granted, the giving of a notice of claim in accordance with the provisions of section 613A.5" and "Failure to plead ultimate facts which would *if proven,* establish compliance with the notice requirements leaves the petition fatally deficient and subject to attack"—italics added). The rule was the same under the predecessor statute, § 614.- 1(1) of the Code of 1966 and prior codes ("unless written notice specifying the time, place, and circumstances of the injury shall have been served upon the county or municipal corporation to be charged within sixty days from the happening of the injury"). *Halvorson v. City of Decorah,* 258 Iowa 314, 322, 138 N.W.2d 856, 862 ("The statute is mandatory and must be complied with. Plaintiff has the burden of pleading and proving the ultimate facts showing compliance with section 614.1(1), Code, 1962.").

■ Lattimers alleged that the notice was given but notwithstanding the City's denial of the allegation they offered no evidence that the notice was given. When the City made this failure a ground of its motion for directed verdict, Lattimers did not ask permission to introduce such evidence.

■ This ground of the City's motion to direct made the motion good, apart from other grounds, and we uphold the trial court's ruling on the motion notwithstanding that the court placed its ruling on another ground. *Krohn v. Judicial Magistrate Appointing Comm'n,* 239 N.W.2d 562 (Iowa); *Adams v. R. S. Bacon Veneer Co.,* 162 N.W.2d 470 (Iowa).

■ II. Lattimers' case against Frese has two facets. Lattimers first claim that Frese is liable because of the dish shape in the sidewalk which caused water to collect. The difficulty here is that the abutting landowner is not liable to the public for defects in a public sidewalk in the absence of statute or ordinance creating liability, and Lattimers do not cite such a statute or ordinance. *Atkinson v. Sheriff Motor Co.,* 203 Iowa 195, 197, 212 N.W. 484, 485 ("Neither the owner of a building abutting upon

a public street or highway, or his tenant, was charged at common law, with the duty to repair such sidewalk or street or to remove defects therefrom."); 39 Am.Jur.2d Highways, Streets & Bridges § 365 at 750 (abutting owner or occupant "does not, in the absence of statute or ordinance to the contrary, owe to the public a duty to keep the way in a safe condition"); 63 C.J.S. Municipal Corporations § 861 at 220 ("he owes no duty to the public to keep the sidewalk in repair or in a safe condition for travel"). Nothing in the evidence brings this case within the rule of liability where affirmative negligent conduct on the part of the abutting owner created the defect in the sidewalk. *Atkinson v. Sheriff Motor Co.,* supra, at 197, 212 N.W. at 484–485 ("Instances in which this rule has been applied are numerous and include excavations and obstructions in streets and highways, coal holes, basement areas, and excavations near highways, falling buildings, negligence in building, and many other instances of like character."); 39 Am.Jur.2d Highways, Streets & Bridges § 365 at 751–752; 63 C.J.S. Municipal Corporations § 861 at 223.

■ Lattimers claim second that Frese is liable on account of the danger created by the snow and ice itself on the sidewalk. Absent a statute or ordinance, however, and Lattimers cite none, the abutting owner is not liable for injury resulting from snow or ice on the public sidewalk coming thereon from natural causes, as this snow and ice did. *Disbrowe v. Tucker,* 211 N.W.2d 318 (Iowa); 39 Am.Jur.2d Highways, Streets & Bridges § 517 at 918; 63 C.J.S. Municipal Corporations § 862 at 229.

■ Here again, of course, the abutting owner may be liable if his own affirmative negligence created the dangerous condition. *Beyer v. City of Dubuque,* 258 Iowa 476, 139 N.W.2d 428 (the plaintiff introduced substantial evidence that water discharged from abutting owner's building); *Franzen v. Dimock Gould & Co.,* 251 Iowa 742, 101 N.W.2d 4 (cars from owner's lot brought slush onto sidewalk). Lattimers argue that Frese had a spout from a parking lot to a place just above the dished out

area in the sidewalk, but they introduced no evidence that the water in question came from that source. See *Clarke v. Hubbell,* 249 Iowa 306, 86 N.W.2d 905; *Mutzel v. Northwestern Bell Tel. Co.,* 247 Iowa 14, 72 N.W.2d 487. On the contrary, their evidence dealt with water from melting snow running off of the lots onto the sidewalk.

Lattimers failed to introduce substantial evidence of liability on Frese's part.

We find no error.

AFFIRMED.