Morris O. ROBERTS, d/b/a Ace Body Shop, Appellant,

v.

Terrance L. TIMMINS, Delmar E. Kentner, Thomas E. Corothers, Richard A. Wilford, Mark McEntaffer, Edward P. Wiltgen and John Doe, Appellees.

No. 62095.

Supreme Court of Iowa.

June 27, 1979.

Rehearing Denied July 20, 1979.

Paul W. Deck and Robert B. Deck, of Deck & Deck, Sioux City, for appellant.

James L. Abshier, City Atty., and Michael S. Walsh, Asst. City Atty., Sioux City, for appellees.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McCORMICK, McGIVE-RIN and LARSON, JJ.

McGIVERIN, Justice.

The question presented is whether plaintiff's various tort claims against several Sioux City municipal employees, in their individual capacities, are subject to the notice requirements of section 613A.5, The Code 1975. Plaintiff's petition alleged the employees committed several acts which adversely affected his business and were willful, unauthorized and not within the scope of their employment. Trial court sustained the employees' motions to dismiss which were grounded on plaintiff's failure to allege compliance with section 613A.5. We reverse.

Plaintiff Morris O. Roberts does business in Sioux City as Ace Body Shop. His petition alleged that defendants, employees of the City of Sioux City, had attempted to prevent him from continuing his auto repair business by shutting off his city water supply, issuing a "health denunciation" and attempting to get a local utility to cut off his gas and electric service. He claimed that as a result he was forced to shut down his business, suffered mental distress and sustained damage to his business reputation. Plaintiff asserted these acts were done maliciously, willfully and wantonly. Significantly, the petition further alleged the employees' acts were in excess of their authority and not within the scope of their employment.

The city provided counsel to represent defendants, who moved to dismiss the petition on ground of plaintiff's noncompliance with the requirements of chapter 613A, and in particular section 613A.5, in failing to provide the City of Sioux City with notice of the claims and failing to plead compliance with section 613A.5 as required by *Bennett v. Ida County*, 203 N.W.2d 228, 236 (Iowa 1972).

The statute as relevant to the dismissal motions provides:

> Every person who claims damages from any . . . officer, employee or agent of a municipality for or on account of any wrongful . . . loss or injury within the scope of section 613A.2 or section 613A.8 or under common law shall commence an action therefor within six months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful . . . loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded.

§ 613A.5, The Code.

Plaintiff's petition, which was filed September 23, 1977, alleged the wrongful acts occurred in October 1976. The petition nei-

ther was filed within six months after the acts nor alleged the giving of a notice of claim in accordance with section 613A.5.

Trial court sustained defendants' motions to dismiss on the ground that the city was required to defend its employees under section 613A.8 even in cases of malfeasance and, therefore, plaintiff was required under section 613A.5 to either present a sixty day notice to the city or commence his action within six months after the claimed loss.

Plaintiff appeals contending that: (1) section 613A.5 is unconstitutional as against due process and equal protection; and (2) the statute does not apply to suits filed against individual city employees if the petition alleges the defendant employees acted maliciously, willfully and beyond the scope of their employment.

■ The scope of our review is for correction of errors of law. Iowa R.App.P. 4. "Our review is limited to the issues raised by, and the allegations contained in, the pleadings. We take as true all well pleaded facts." *Harryman v. Hayles,* 257 N.W.2d 631, 633 (Iowa 1977). (Citations omitted.)

■ I. *Constitutional questions.* Although plaintiff contends otherwise, he did not raise before the trial court his present claims that section 613A.5 is unconstitutional as violating the due process and equal protection provisions of Amendment 14 to the United States Constitution and Article 1, Sections 1 and 6 of the Iowa Constitution. Similar challenges have been before us previously. *See Harryman,* 257 N.W.2d at 634; *Shearer v. Perry Community School District,* 236 N.W.2d 688, 692–93 (Iowa 1975); *Lunday v. Vogelmann,* 213 N.W.2d 904, 907 (Iowa 1973). Because plaintiff failed to preserve these constitutional claims for review, we give no consideration to them now. *State v. Holmes,* 276 N.W.2d 823, 828 (Iowa 1979); *State v. Fish,* 265 N.W.2d 737, 739 (Iowa 1978); *State v. Uebberheim,* 263 N.W.2d 710, 712 (Iowa 1978).

II. *Necessity of compliance with section 613A.5.* Plaintiff alleged defendant employees' acts were *without* the scope of their employment with the city. Section 613A.5 requires that a sixty day notice be presented to the city, or the action be commenced within six months, by every person who claims damages from an employee on account of any loss or injury "within the scope of section 613A.2 or section 613A.8 or under common law." To determine whether Roberts' allegations that defendants acted without the scope of their employment were sufficient to take his case out from under the notice requirements of chapter 613A, we must examine both statutory provisions and the common law. We turn first to the statutory provisions.

A. *Effect of section 613A.2.* Section 613A.2 states a municipality is only liable for the torts of its employees and agents acting within the scope of their employment or duties. This statute also defines "scope of employment" by providing in part:

> Except as otherwise provided in this chapter, every municipality is subject to liability for its torts and those of its officers, employees, and agents acting *within the scope of their employment or duties,* whether arising out of a governmental or proprietary function.
>
> A tort shall be deemed to be within the scope of employment or duties if the act or omission reasonably relates to the business or affairs of the municipality and the officer, employee, or agent acted in good faith and in a manner a reasonable person would have believed to be in and not opposed to the best interests of the municipality.

(Emphasis added.)

■ Insofar as Roberts alleged defendants acted outside the scope of their employment, section 613A.2 is ineffective to impose a section 613A.5 notice requirement, since the liability described arises only from torts of officers, employees and agents acting *within* the scope of their employment.

■ B. *Effect of section 613A.8.* Section 613A.8 provides in part:

> The governing body shall defend any of its officers, employees and agents, whether elected or appointed and, except in cases of malfeasance in office, willful and unauthorized injury to persons or property, or willful or wanton neglect of duty,

shall save harmless and indemnify such officers, employees and agents against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring *within the scope of their employment or duties.* Any independent or autonomous board or commission of a municipality having authority to disburse funds for a particular municipal function without approval of the governing body shall similarly defend, save harmless and indemnify its officers, employees and agents against such tort claims or demands.

(Emphasis added.) Because Roberts alleged defendants acted outside the scope of their employment, section 613A.8, also, is ineffective to impose a requirement of notice on the city.[1] The liability described again only arises from the acts or omissions of employees and agents occurring *within* the scope of their employment.

If a notice requirement under section 613A.5 is to be imposed on Roberts, the obligation must be under common law.

■ C. *Effect of the common law.* We have recognized that enactment of chapter 613A did not obviate common law actions against municipal employees. In *Vermeer v. Sneller,* 190 N.W.2d 389 (Iowa 1971), we said it was not the intent of the legislature to abolish the right of an injured party to sue a municipal employee for the employee's negligence. In fact, we noted "[a] cause of action against a municipal employee individually, for his negligence, has long been recognized in Iowa." *Id.,* at 391–92. *See Anderson v. Calamus Community School District,* 174 N.W.2d 643, 644 (Iowa 1970). Similarly, there exists a common law right of action based on a municipal employee's malfeasance. In *Montanick v. McMillin,* 225 Iowa 442, 280 N.W.2d 608 (1938), we said:

Every case which allows recovery against a servant can be based upon the fundamental proposition that that servant violated or breached some duty that he owed to the person injured. It may be an act of misfeasance, nonfeasance or *malfeasance.*

*Id.* at 452, 280 N.W. at 613. (Emphasis added.)

■ Assuming the propriety of a common law action, trial court, nevertheless, ruled notice to the City of Sioux City was required pursuant to section 613A.5. Trial court apparently reasoned that, although the municipality's duty to indemnify was excepted in cases of malfeasance, the duty to defend remained under section 613A.8. We need not determine, however, whether there exists a municipal duty to defend officers, employees or agents against whom claims of malfeasance are lodged. Neither the duty to defend nor the duty to indemnify are statutorily imposed by section 613A.8 where municipal officers, employees or agents act *outside the scope of their employment.*

Since Roberts specifically alleged the acts occurred outside the scope of defendants' employment, the city bore no duty to either defend or indemnify the employees. We must, therefore, determine whether section 613A.5 imposes a notice requirement where, accepting the allegations on the face of the petition as true, the municipality cannot be required to defend a lawsuit and cannot be required to indemnify the defendants.

Section 613A.5 originally imposed a notice requirement only in those cases wherein claimed damages, loss or injury fell within the scope of section 613A.2. *See* section 613A.2, The Code 1973. This language was construed to impose *no* notice requirement where suit was based in common law against employees. *Vermeer,* 190 N.W.2d

---

1. Nothing in this opinion is intended to relieve the city from its duties in a case arising under title 42 United States Code section 1983, mentioned in the second paragraph of section 613A.8. Such a case is not involved here under the present record.

Section 613A.8, second paragraph, provides: The duty to defend, save harmless, and indemnify shall apply whether or not the municipality is a party to the action and shall include but not be limited to cases arising under title 42 United States Code section 1983.

at 392; *Flynn v. Lucas County Memorial Hospital,* 203 N.W.2d 613, 615 (Iowa 1973).

Since our decisions holding notice not required where the suit against an individual is based on common law, the legislature has amended section 613A.5. This section now requires that notice provisions apply to every claim of damages "from any municipality or any officer, employee or agent of a municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 or section 613A.8 *or under common law.*" Section 613A.5, The Code 1975. *See* 1974 Iowa Acts, Chapter 1263 § 5, at 968–69.

Inclusion of actions based on common law within the notice requirements prevents the circumvention of service of notice on a municipality. Prior to amendment, section 613A.5, as construed by case law, permitted a common law action against the individual unhampered by the notice provisions. Ultimately, however, the municipality could be held obligated to indemnify. In this manner recovery from a municipality could be had without any compliance with the notice provisions at all. *See Flynn,* 203 N.W.2d at 618–619 (Rawlings, J., dissenting). Imposition of notice provisions on *all* common law actions, however, would exceed remedy of the previously perceived problems and require notice be sent to an otherwise uninvolved municipality.

■ We have said the purpose of the notice requirement is "to provide a method of prompt communication of time, place and circumstances of injury so the municipality can investigate while facts are fresh." *Lunday,* 213 N.W.2d at 907. *Cf. Harrop v. Keller,* 253 N.W.2d 588, 592–93 (Iowa 1977) (dram shop notice requirement purpose parallel to section 613A.5). Where the municipality is under no obligation to either defend or indemnify, however, the purpose is not furthered and an unjustified hurdle is placed in plaintiff's path to the courts. The fact of municipal employment does not involve the city in *all* personal actions for which an employee may become liable in tort. An allegation that a tort is the result of actions outside the scope of employment makes the tort like one against a person who is not a municipal employee and to whom section 613A.5 would not apply. Therefore, we believe the legislative intent in adding the words "under common law" to section 613A.5 was to require notice to the municipality only for claims against municipal officers, employees and agents for acts or omissions occurring *within* the scope of their employment or duties.

The principles underlying a motion to dismiss were recently summarized in *Citizens for Washington Square v. City of Davenport,* 277 N.W.2d 882, 884 (Iowa 1979) and need not be repeated here.

■ It is clear a plaintiff seeking to recover against a municipality or any of its officers, employees or agents acting within the scope of their employment must allege the giving of a notice of claim in accordance with section 613A.5. *Bennett v. Ida County,* 203 N.W.2d at 236. *See Harryman,* 257 N.W.2d at 635–36; *Lattimer v. Frese,* 246 N.W.2d 255, 257 (Iowa 1976). Appellant Roberts, however, argues no notice is required in this case, since the suit alleges willful, malicious and unauthorized acts outside the scope of employment of the employees.

■ Roberts plead ultimate facts in support of his conclusion that defendants acted willfully, maliciously and without authorization outside the scope of their employment. Accepting the challenged allegations as true, we cannot say the petition is fatally deficient. *But cf. Salsbury Laboratories v. Iowa Department of Environmental Quality,* 276 N.W.2d 830, 837 (Iowa 1979) (conclusory allegation of irreparable injury insufficient to withstand motion to dismiss).

We have considered all contentions made by the parties, whether specifically discussed or not.

Defendants' motions to dismiss should have been overruled. We reverse and remand the case to district court for further proceedings consistent with this opinion.

REVERSED.