Ronald FRANKS, Appellant,

v.

Everett KOHL, Errol A. Montgomery,
and the City of Cedar Rapids, a Mu-
nicipal Corporation, Appellees.

No. 62959.

Supreme Court of Iowa.

Dec. 19, 1979.

John T. Nolan and Marc B. Moen of Lucas, Nolan & Bohanan, Iowa City, for appellant.

Robert C. Tilden and Iris E. Muchmore of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellees Kohl and Montgomery.

Timothy S. White and James A. Piersall of White, Wenzel & Piersall, Cedar Rapids, for appellee city.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, HARRIS, and McGIVERIN, JJ.

UHLENHOPP, Justice.

This appeal involves the propriety of a summary judgment for defendants Everett Kohl, Errol A. Montgomery, and the City of Cedar Rapids, in a personal injury action brought by plaintiff Ronald Franks.

The documents in the case which were presented to the district court and to us disclose that Franks, an employee of the city, was riding on one of its garbage trucks driven by co-employee Kohl. Montgomery, another city employee, had charge of the placement of street signs in the city. Franks alleges that Kohl was grossly negligent in driving to the left side of a street, bringing Franks into collision with a street sign and injuring him, and that Montgomery was grossly negligent in the placement of the sign. At the time of the district court hearing Franks had received $20,000 in workers' compensation for his injuries.

Franks did not allege in his petition that he gave the written notice prescribed by section 613A.5, The Code 1979, nor does the record disclose such notice. Defendants stated in their resistance that Frank did not give notice.

Defendants filed a motion for summary judgment. After hearing, the district court sustained the motion and entered judgment for defendants. Franks appealed.

The issues Franks raises on appeal differ as to the defendants. We therefore first take up Franks' action as it pertains to the city, and then address his action as it pertains to Kohl and Montgomery.

### ACTION AGAINST CITY

I. *Notice requirement.* The city contends that Franks' action against it must be dismissed (1) because Franks failed to give the required notice under section 613A.5 or, in any event, (2) because the

action does not come within chapter 613A of the Code, our local governmental tort claims act, since Franks received workers' compensation. *See* § 613A.4(1). We proceed no farther than the section 613A.5 contention. Under chapter 613A the onus is on claimants to plead and prove substantial compliance with the notice requirement of that section. *Lattimer v. Frese*, 246 N.W.2d 255, 257–58 (Iowa 1976); *Bennett v. Ida County*, 203 N.W.2d 228, 236 (Iowa 1972).

Paragraph 1 of section 613A.1 of the Code defines "municipality" thus:

"*Municipality*" means city, county, township, school district, and any other unit of local government.

Paragraph 3 of the same section defines "tort" as follows:

"*Tort*" means every civil wrong which results in wrongful death or injury to person or injury to property or injury to personal or property rights and includes but is not restricted to actions based upon negligence; error or omission; nuisance; breach of duty, whether statutory or other duty or denial or impairment of any right under any constitutional provision, statute or rule of law.

The first paragraph of section 613A.2 provides:

Except as otherwise provided in this chapter, every municipality is subject to liability for its torts and those of its officers, employees, and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function.

As to time limitations, section 613A.5 requires:

Every person who claims damages from any municipality or any officer, employee or agent of a municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 or section 613A.8 [duty of municipality to defend and indemnify its officers, employees, and agents] or under common law shall commence an action therefor within six months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. Failure to state time or place or circumstances or the amount of compensation or other relief demanded shall not invalidate the notice; providing the claimant shall furnish full information within fifteen days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two years after such notice. The time for giving such notice shall include a reasonable length of time, not to exceed ninety days, during which the person injured is incapacitated by his injury from giving such notice.

Franks did not show that he gave the written notice required by section 613A.5.

■ II. *Avoidance of notice requirement.* Franks claims that he was not required to give the section 613A.5 notice in order to hold the city. He first asserts that the city's own employees were involved in the incident on both sides, that the city actually knew of the incident without a written notice and could investigate it, and that the city thus suffered no prejudice from absence of written notice; hence on broad considerations of justice we should dispense with section 613A.5 notice here. In support of his argument he cites such decisions as *Sprung v. Rasmussen*, 180 N.W.2d 430, 433 (Iowa 1970), where we stated that courts do not favor the defense of limitations, and *Boyer v. Iowa High School Athletic Association*, 256 Iowa 337, 358, 127 N.W.2d 606, 618 (1964), where this court stood four-to-five for abrogating sovereign immunity before the General Assembly did so.

Franks' broad approach might be persuasive were we dealing with the application of a common-law principle, but we are not. The General Assembly took the subject of municipal tort liability in hand when it enacted chapter 613A. One of the re-

quirements it imposed is written notice. We have been liberal in applying the requirement so long as, under the record before us, we could conscientiously say that the governing body was given written notice of the claim in substantial compliance with the statute. *E. g., Cook v. City of Council Bluffs*, 264 N.W.2d 784, 787 (Iowa 1978) (letter describing incident mailed to councilman); *Vermeer v. Sneller*, 190 N.W.2d 389, 393–95 (Iowa 1971) (insurance agent, authorized by district to receive claims, prepared report of time, place, and circumstances of injury on behalf of claimant). But we have not dispensed with substantial compliance with section 613A.5 by written notice, and that section makes no distinction between cases involving both city-employee claimants and tort-feasors, as here, and the usual cases involving only city-employee tortfeasors.

Due largely to the language of their particular notice statutes, some states have excepted municipal-employee claimants from the coverage of their notice requirements. *See* 56 Am.Jur.2d *Municipal Corporations* § 689, at 733 (1971); *Annot.*, 98 A.L.R. 522 (1935). Other states, which have broad-language notice statutes like our own, have held that municipal-employee claimants are covered by the notice requirement. *Williams v. City of Jacksonville*, 118 Fla. 671, 682, 160 So. 15, 20 (1935); *Condon v. City of Chicago*, 249 Ill. 596, 598, 94 N.E. 976, 977–78 (1911); *Davis v. City of El Dorado*, 126 Kan. 153, 156, 267 P. 7, 8 (1928); *Cawthorn v. City of Houston*, 231 S.W. 701, 704 (Tex.Ct.App.1921). The language of our section 613A.5 is that "Every person who claims damages" shall commence action within six months or give the sixty-day notice. We can hardly except municipal-employee claimants without, in effect, amending this language. That the General Assembly contemplated municipal-employee claimants would be covered by chapter 613A is evident from section 613A.4(1) excepting one class of such claims, those covered by workers' compensation: "The liability imposed by section 613A.2 shall have no application to . . . Any claim *by an employee of the municipal-*

*ity* which is covered by the Iowa workers' compensation law." (Emphasis added.)

Some jurisdictions excepting municipal-employee claimants from written notice requirements have also relied on the municipality's actual knowledge of the incident. We have stated however that actual knowledge by the governmental body does not supplant section 613A.5 written notice of claim. "The knowledge on the part of the school officials and employees certainly cannot be construed as substantial compliance with the notice requirements of the statute. We are not informed as to the substance of the verbal notification to the superintendent by the student's mother, but in any event we are not prepared to say such verbal notification constituted substantial compliance with a statute clearly and specifically requiring written notice." *Shearer v. Perry Community School District*, 236 N.W.2d 688, 693–94 (Iowa 1975). *Cf. Arnold v. Lang*, 259 N.W.2d 749, 752 (Iowa 1977) (dramshop case).

Franks asserts, second, that section 613A.5, when applied to his claim against the city, denies him equal protection and due process of law. We have addressed that question before and held that the section is valid with respect to a claim against a city. *Shearer*, 236 N.W.2d at 693 (equal protection and due process); *Lunday v. Vogelmann*, 213 N.W.2d 904, 908 (Iowa 1973). We thoroughly considered the constitutional issues in those decisions. We adhere to those pronouncements and find no necessity to repeat the analysis.

We take the present record as the parties made it. The record does not show compliance with section 613A.5. The district court was correct in entering summary judgment for the city.

## ACTION AGAINST CITY EMPLOYEES

Franks alleges that defendants Kohl and Montgomery were acting as employees of the city in the course of their employment. These two defendant-employees contend that Franks' action against them must fail for the same two reasons the city contends

it is not liable. Again we find consideration of only the section 613A.5 issue to be necessary.

III. *Notice requirement.* Consideration of the notice requirement as applied to claims against municipal employees requires some background. At one time this court held that a public employee committing a tort in the course of his employment was as immune from suit as his employer. *Hibbs v. Independent School District,* 218 Iowa 841, 845–46, 251 N.W. 606, 608 (1933). Later however the court adopted a general principle of law, with certain qualifications not involved here, that a public employee is liable in damages for a tort he commits the same as an individual who is not a public employee. *Harryman v. Hayles,* 257 N.W.2d 631, 638 (Iowa 1977); *Vermeer v. Sneller,* 190 N.W.2d 389, 392 (Iowa 1971); *Anderson v. Calamus Community School District,* 174 N.W.2d 643, 644 (Iowa 1970); *Montanick v. McMillin,* 225 Iowa 442, 459, 280 N.W. 608, 617 (1938). In the tort claims act enacted in 1967, 62nd G.A. ch. 405, the General Assembly provided in the last paragraph of section 613A.4 (as currently worded):

> The remedy against the municipality provided by section 613A.2 shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the officer, employee or agent whose act or omission gave rise to the claim, or his estate.

From its inception the tort claims act provided that the governing body must *indemnify* its employees for tort claims arising from acts or omissions in the performance of their duties. With subsequent amendments not involved now, that provision reads as follows in section 613A.8 of the present Code:

> The governing body shall defend any of its officers, employees and agents, whether elected or appointed and, except in cases of malfeasance in office, willful and unauthorized injury to persons or property, or willful or wanton neglect of duty, shall save harmless and indemnify such officers, employees and agents against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring within the scope of their employment or duties. Any independent or autonomous board or commission of a municipality having authority to disburse funds for a particular municipal function without approval of the governing body shall similarly defend, save harmless and indemnify its officers, employees and agents against such tort claims or demands.
>
> The duty to defend, save harmless, and indemnify shall apply whether or not the municipality is a party to the action and shall include but not be limited to cases arising under title 42 United States Code section 1983.

Originally, however, the *notice* provision of the act provided only for notice of claims for damages "from the municipality." 62nd G.A. ch. 405, § 5 (1965). An anomalous situation developed. The injured plaintiff might have failed to give the municipality notice under section 613A.5, which let out the municipality; but under our decisions the employee was himself liable—and the municipality was obliged to indemnify the employee. Plaintiffs could accomplish indirectly what they could not do directly.

To plug this hole in the municipal tort claims act, the General Assembly changed section 613A.5 to read as at present: "Every person who claims damages from any municipality *or any officer, employee, or agent of a municipality* for or on account of" death, loss, or injury, etc., 1974 Session, 65th G.A. ch. 1263, § 5 (amendment italicized).

At present, therefore, section 613A.5 notice is required to hold a municipal employee liable for a tort committed in the course of employment. Franks failed to show notice was given.

IV. *Avoidance of notice requirement.* Franks contends that section 613A.5 should not bar recovery from the two city employees because (1) failure to comply with the section should not, in justice, bar his claim (the same argument previously advanced against the city), (2) the section does not

apply to the defendant employees in their "individual" capacity, and (3) the section cannot be constitutionally applied to the action against the two city employees. We have already taken up the first contention and found it without merit. We thus proceed to the second and third contentions.

As to the second contention, we recently answered affirmatively the question whether the section 613A.5 notice requirement applies to a city employee sued individually for conduct in the course of employment. Roberts v. Timmons, 281 N.W.2d 20, 24 (Iowa 1979). We held that the crucial factor is not whether the defendant is sued individually, as Franks contends, but rather, whether the defendant was acting in the course of employment for the municipality. Here, according to Franks himself, the two city employees acted in the course of their employment. We used this language in Timmons, 281 N.W.2d at 24:

> Since our decisions holding notice not required where the suit against an individual is based on common law, the legislature has amended section 613A.5. This section now requires that notice provisions apply to every claim of damages "from any municipality or any officer, employee or agent of a municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 or section 613A.8 *or under common law*." Section 613A.5, The Code 1975. See 1974 Iowa Acts, Chapter 1263 § 5, at 968–69.

> Inclusion of actions based on common law within the notice requirements prevents the circumvention of service of notice on a municipality. Prior to amendment, section 613A.5, as construed by case law, permitted a common law action against the individual unhampered by the notice provisions. Ultimately, however, the municipality could be held obligated to indemnify. In this manner recovery from a municipality could be had without any compliance with the notice provisions at all. See Flynn [v. Lucas County Memorial Hospital], 203 N.W.2d [613] at

618–619 (Rawlings, J., dissenting). Imposition of notice provisions on *all* common law actions, however, would exceed remedy of the previously perceived problems and require notice be sent to an otherwise uninvolved municipality.

We have said the purpose of the notice requirement is "to provide a method of prompt communication of time, place and circumstances of injury so the municipality can investigate while facts are fresh." Lunday [v. Vogelmann], 213 N.W.2d [904] at 907. Cf. Harrop v. Keller, 253 N.W.2d 588, 592–93 (Iowa 1977) (dram shop notice requirement purpose parallel to section 613A.5). Where the municipality is under no obligation to either defend or indemnify, however, the purpose is not furthered and an unjustified hurdle is placed in plaintiff's path to the courts. The fact of municipal employment does not involve the city in *all* personal actions for which an employee may become liable in tort. An allegation that a tort is the result of actions outside the scope of employment makes the tort like one against a person who is not a municipal employee and to whom section 613A.5 would not apply. Therefore, we believe the legislative intent in adding the words "under common law" to section 613A.5 was to require notice to the municipality only for claims against municipal officers, employees and agents for acts or omissions occurring *within* the scope of their employment or duties.

. . . . .

It is clear a plaintiff seeking to recover against a municipality or any of its officers, employees or agents acting within the scope of their employment must allege the giving of a notice of claim in accordance with section 613A.5. Bennett v. Ida County, 203 N.W.2d [228] at 236. See Harryman, 257 N.W.2d [631] at 635–36; Lattimer v. Frese, 246 N.W.2d 255, 257 (Iowa 1976).

Timmons disposes of Franks' second contention and we thus proceed to the third contention that section 613A.5 is unconstitutional as applied to the claims against the

city employees. *See Walker v. Johnson County*, 209 N.W.2d 137, 140 (Iowa 1972) (statute may be constitutional as applied to one party and unconstitutional as applied to another). We left this question open in *Timmons*, 281 N.W.2d at 22.

■■■■ We repeat the familiar principles which apply when approaching a question of the constitutionality of an act passed by the General Assembly. A strong presumption of constitutionality attends legislative acts. *Stoller Fisheries, Inc. v. American Title Insurance Co.*, 258 N.W.2d 336, 346 (Iowa 1977). We will not hold an act unconstitutional unless such a result clearly, plainly, and palpably is required. *City of Waterloo v. Selden*, 251 N.W.2d 506, 508 (Iowa 1977). Where the question of constitutionality is only debatable or doubtful, we will not set the act aside. *State v. Hall*, 227 N.W.2d 192, 193 (Iowa 1975). To prevail, the challenger must negate every reasonable basis of support for the act. *Chicago Title Insurance Co. v. Huff*, 256 N.W.2d 17, 25 (Iowa 1977).

In dealing with the constitutionality problem as to claims against municipalities, we said this with reference to equal protection in *Lunday*, 213 N.W.2d at 907:

> The nature of the burden upon one attacking a statute on equal protection grounds depends upon whether the classification is one subject to close judicial scrutiny or traditional equal protection analysis. Since the classification here is not based upon sex, race, alienage or national origin and does not involve fundamental rights, it is subject to the traditional equal protection standard. *See Frontiero v. Richardson*, 411 U.S. 677, 681, 93 S.Ct. 1764, 1768, 36 L.Ed.2d 583, 589 (1973). Under that test the classification must be sustained unless it is patently arbitrary and bears no rational relationship to a legitimate governmental interest. *Id.* It does not deny equal protection simply because in practice it results in some inequality; practical problems of government permit rough accommodations; and the classification will be upheld if any state of facts reasonably can be conceived to justify it.

In the same context, we held that section 613A.5 is not arbitrary or capricious so as to deny due process in *Shearer*, 236 N.W.2d at 692.

Franks asserts that the *Lunday-Shearer* rationale is inapplicable to actions against employees because local governmental units were not liable for torts prior to chapter 613A, whereas their employees were personally liable; chapter 613A thus *created* new liability as to the governmental units, whereas section 613A.5 as amended *limited* public employees' preexisting liability by the notice requirement.

Franks overstates the distinction somewhat between the liabilities of municipalities and municipal employees. Some units of local government *were* previously liable at common law for a variety of torts—those of the proprietary kind. *Brown v. City of Sioux City*, 242 Iowa 1196, 1205, 49 N.W.2d 853, 858 (1951). On the other hand, employees of local governmental units, like their employers, were once *not* liable for a variety of torts—those of the governmental kind. *E. g., Hibbs v. Independent School District*, 218 Iowa 841, 845–46, 251 N.W. 606, 608 (1933) (negligence of bus driver— "the exemption from liability in cases of this character [governmental function] applies as well to the school corporation, its officers, and upon principle, it must be held to apply to its employees"—no distinction taken between misfeasance and nonfeasance); *Snethen v. Harrison County*, 172 Iowa 81, 87–88, 152 N.W. 12, 13–14 (1915) (same rule). In 1938 this court reversed that rule of nonliability of public *employees* in *Montanick v. McMillin*, 225 Iowa 442, 459, 280 N.W. 608, 617 (1938).

Twenty-five years later members of this court warned of judicial abolition of the remaining aspect of governmental immunity—that of public *employers*—in *Moore v. Murphy*, 254 Iowa 969, 974–76, 119 N.W.2d 759, 762–63 (1963) (Moore, J., Garfield, C. J., and Hays, J., concurring specially). *See also Boyer v. Iowa High School Athletic Association*, 256 Iowa 337, 348, 127 N.W.2d 606, 613 (1964). Four years after *Moore v.*

*Murphy* the General Assembly enacted the tort claims act which removed sovereign immunity as to municipalities. 62nd G.A. ch. 405 (1967). Thus the difference between public-employer and public-employee tort liability has not been as disparate as Franks contends; rather, the transitions to liability for the two respective groups occurred about twenty-nine years apart, one by decision and the other by enactment.

In weighing section 613A.5 in the scales of constitutional equal protection and due process as to claims against municipal employees, we must consider the broad problem the General Assembly faced. The objective was to provide a system of reparation for damages resulting from culpability of local governmental units and their personnel. Part of the problem was the suit which was brought, whether for reasons of strategy or otherwise, against the employee who personally committed the tort, and not against the municipality. If the financial responsibility of the governmental units was not placed behind their employees, through the units' power to tax and thus pay judgments directly or pay judgments through purchased insurance, the employees might be rendered insolvent by large judgments; or if the employees turned out to be financially irresponsible, the injured persons might hold unrecoverable judgments.

The General Assembly resolved the problem by placing the financial resources of the local governmental units behind employees of local governmental units through the indemnification device in section 613A.8, to the benefit of both the employees and injured persons. *See Annot.,* 71 A.L.R.3d 90, 98, 104 (1976) ("One of the reasons most commonly advanced for indemnifying public employees against loss for torts committed in the course of their official duties is that it encourages these employees to use their initiative and fearlessly carry out their responsibilities. . . . The indemnification of public employees provides valuable protection for the general public against the negligence of employees who frequently possess inadequate assets to cover a judgment for the damage inflicted by their negligent performance of duties."). If

the indemnification provision was left in the act, however, the General Assembly inevitably had to amend notice section 613A.5 to include claims against employees, in order to prevent end-run nullifications of that section.

Franks is right that just prior to enactment of such statutes as the tort claims act, injured persons usually did have the right to sue public employees without giving notice such as section 613A.5 requires. But collectibility of judgments was the claimants' problem. Previously the General Assembly had partially resolved that problem by indemnification provisions for some municipal employees. §§ 321.495, 321.496, The Code 1966. With the enactment of our tort claims act and with the general indemnification provision in section 613A.8, the legislature resolved the rest of that problem. In effect, the municipality has become the paymaster whether the judgment runs against it or the employee; in reality an action against a municipal employee acting in the course of employment is a suit against the municipal treasury or against insurance purchased from the treasury. But the condition the General Assembly attached for placing the financial responsibility of the municipality behind judgments against it or the employee is section 613A.5 notice. Decisions involving similar statutory notice provisions include *Chavez v. Sprague,* 209 Cal.App.2d 101, 106, 25 Cal.Rptr. 603, 606 (1962); *Johnson v. King,* 55 Ill.App.3d 336, 338, 371 N.E.2d 18, 20 (1977) ("[W]e believe that the classification created by [the notice statute] is reasonable and has not infringed plaintiffs' right to due process and equal protection of the law"); *Zipser v. Pound,* 75 Misc.2d 489, 490, 348 N.Y.S.2d 18, 19 (Sup.Ct.1972) (per curiam). *See also Huffaker v. Decker,* 77 Cal.App.2d 383, 389, 175 P.2d 254, 257 (1946) ("The statute merely places upon [claimant] a reasonable procedural requirement to the maintenance of his action"); *Ballin v. Larkin,* 62 Misc.2d 949, 951–52, 310 N.Y.S.2d 402, 405–06 (Sup.Ct.1970), *appeal dismissed,* 28 N.Y.2d 800, 270 N.E.2d 725, 321 N.Y.S.2d 906 (1971); *Annot.,* 59 A.L.R.3d 93 (1974).

■ We conclude Franks has not established that section 613A.5 in the context of claims against municipal employees acting in the course of employment is capricious, patently arbitrary, or without rational relationship to a legitimate governmental interest. We thus uphold the section as applied to Franks' claims against the employee defendants.

The district court was right in also entering summary judgment for Kohl and Montgomery.

AFFIRMED.

All Justices concur except HARRIS, J., who dissents in part.

HARRIS, Justice (dissenting in part).

Our cases establish the premise that chapter 613A is a statute of creation. Notwithstanding any reservations about the validity of this premise it is firmly woven into our law. *See Wilson v. Nepstad*, 282 N.W.2d 664, 669 (Iowa 1979), and cases there cited. On that basis I concur in divisions I and II of the majority opinion. The legislature in "creating" governmental liability had the power to impose section 613A.5 as a condition for the liability created.

It does not follow, however, that the legislature holds the power to impose section 613A.5 in favor of governmental employees. There can be no claim that any new liability was created as to them. In *Harryman v. Hayles*, 257 N.W.2d 631, 638 (Iowa 1977); *Vermeer v. Sneller*, 190 N.W.2d 389, 392 (Iowa 1971); *Anderson v. Calamus Community Sch. Dist., Clinton Co.*, 174 N.W.2d 643, 644 (Iowa 1970); and *Montanick v. McMillin*, 225 Iowa 442, 459, 280 N.W. 608, 617 (1938), cited by the majority, we clearly established that a public employee is liable for damages for any tort he commits notwithstanding his public employment. *See generally* 81A C.J.S. States § 126(b).

Insofar as chapter 613A protects public employees from personal liability in tort it is the exact opposite of the statute of creation. The added protections amount to legislative withdrawal of a right to recovery. This is certainly true of the 1974 Session, 65th G.A., ch. 1263, § 5, a change the majority says the legislature adopted "[t]o plug this hole in the municipal tort claims act . . . ." Because of that change the majority holds the plaintiff was bound to serve a 613A.5 notice in order to sue the city employees. Having failed to comply he can have no day in court.

Here the notice requirement is applied without the most essential element of its justification. No right was created. The notice requirement merely took one away. Accordingly, as applied to the facts here, the views expressed in the dissenting opinions on the constitutionality of section 613A.5 become compelling. *Compare Harryman v. Hayles*, 257 N.W.2d at 634–35, *with id.* at 639 (special concurrence); *compare Shearer v. Perry Community Sch. Dist.*, 236 N.W.2d 688, 692–93 (Iowa 1975), *with id.* at 694–95 (dissent); and *compare Lundy v. Vogelmann*, 213 N.W.2d 904, 908 (Iowa 1973), *with id.* at 912 (dissent). It is not necessary to restate those views here. It is enough to say that the absence of the section's justification changes the outcome in the constitutional test.

I agree with the plaintiff's fourth assignment of error. Section 613A.5 is unconstitutional as applied to the defendants Kohl and Montgomery. It denies them equal protection under Art. I, § 6 of the Iowa Constitution and the Fourteenth Amendment to the United States Constitution. I would reverse the judgment of the trial court insofar as the motion for summary judgment was sustained against the defendants Kohl and Montgomery.